NO. 07-09-0069-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 25, 2009
______________________________

In the Interest of A.J.P., A Child 
_________________________________

FROM THE 69TH DISTRICT COURT OF DALLAM COUNTY;

NO. 10,854; HON. RON ENNS, PRESIDING
_______________________________

Order on Motion to Dismiss
_________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
Â Â Â Â Â Â Â Â Â Â Pending before the court is a motion to dismiss the above referenced cause filed
by Abraham Roberto Sanchez and Toni Michelle Sanchez, the appellees. We hold the
motion in abeyance at this time for the reason expressed below.
Â Â Â Â Â Â Â Â Â Â On January 12, 2009, the trial court entered an order terminating the parental rights
of Adrian Ryan Santos to A.J.P., a minor child. Santos filed a notice of appeal wherein he
certified that it was mailed on February 16, 2009. The appellees, then, filed a motion to
dismiss the appeal, contending that Santosâ notice was late. 
Â Â Â Â Â Â Â Â Â Â According to statute and because the proceeding is accelerated, someone
appealing from a termination order in Texas must file a notice of appeal within twenty days
from the date the order is signed. Tex. Fam. Code Ann. Â§ 109.002(a) (Vernon 2008); Tex.
R. App. P. 26.1(b). In the case at bar, the termination order was signed on January 12,
2009; therefore, Santosâ notice was due on February 2, 2009.


 As previously mentioned,
it was not filed until February 16th, that is, 14 days after the deadline. Yet, per Texas Rule
of Appellate Procedure 26.3, an extension of time to file a notice of appeal may be sought
within 15 days of the date the notice was due. See In re M.N., 262 S.W.3d 799, 802 (Tex.
2008) (holding that such extensions may be granted in accelerated appeals). Furthermore,
we are to imply that such a motion accompanied a notice filed within the 15-day window,
even though no motion was actually tendered. Verburgt v. Dorner, 959 S.W.2d 615, 616
(Tex. 1997). So, since the notice of appeal at issue here was filed within the 15-day
window, Verburgt controls and the notice will not be held untimely so long as Santos
reasonably explains why the notice was not filed within the original deadline, i.e. February
2, 2009. Id. at 616. 
Â Â Â Â Â Â Â Â Â Â Accordingly, Santos is ordered to explain to this court, in writing, why he failed to
perfect his appeal on or before February 2, 2009. The explanation must be filed with the
clerk of this court via a manner by which it will actually be received by the clerk of this court
on or before April 22, 2009. If the explanation is reasonable, then the motion to dismiss
will be denied. If not, then the motion will be granted. Â 
Â Â Â Â Â Â Â Â Â Â It is so ordered.
 Per Curiam



 Priority="68" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Grid 2 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00250-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL B

Â 



SEPTEMBER
28, 2010

Â 



Â 

RAYNE DOUGLAS WEBER, APPELLANT

Â 

v.

Â 

THE STATE OF TEXAS, APPELLEE 



Â 



Â 

 FROM THE 251ST DISTRICT COURT OF RANDALL
COUNTY;

Â 

NO. 21,115-C; HONORABLE ANA ESTEVEZ, JUDGE



Â 



Â 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Â 

Â 

MEMORANDUM OPINION

Â 

Pending before the court is the
motion of appellant Rayne Douglas Weber to dismiss his appeal.Â  Appellant and his attorney have both signed
the motion.Â  Tex. R.
App. P. 42.2(a).Â  No decision of
this court having been delivered to date, we grant the motion. Accordingly, the
appeal is dismissed. No motion for rehearing will be entertained and our
mandate will issue forthwith.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  James
T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Do
not publish.Â Â Â Â Â Â Â Â