262 S.W.3d 799 (2008)
In the Interest of M.N., A Child.
No. 07-0698.
Supreme Court of Texas.
August 29, 2008.
*800 Cynthia Rucker Allen, Whitten Law Firm, Abilene, TX, for Petitioner.
Erica Elizabeth Terr Hall, Patricia Kay Dyer, James Eidson, Taylor County District Attorney's Office, Allicyn Brooke Ivy, Assistant District Attorney, Abilene, TX, for Respondent.
Monte Lee Sherrod, Abilene, TX, for Intervenor.
Patricia Black, Kenneth G. Leggett, Gravley & Leggett, PLLC, Abilene, TX, for Person Interested in Case.
Justice JOHNSON delivered the opinion of the Court, in which Chief Justice JEFFERSON, Justice HECHT, Justice O'NEILL, Justice WAINWRIGHT, Justice BRISTER, Justice MEDINA, and Justice GREEN joined.
In this case the trial court terminated the parental rights of M.N.'s mother and appointed the Department of Family and Protective Services as managing conservator. The mother's statement of points for appeal required by section 263.405 of the Texas Family Code was filed late, but the trial court granted an extension of time and concluded that the statement of points was filed timely. The court of appeals held that section 263.405 did not allow extensions of time for filing statements of points, concluded the mother did not preserve error for review of her issues, and affirmed the trial court's judgment. 230 S.W.3d 248. We hold that the trial court was authorized to grant the extension, the statement of points was timely filed, and the mother's issues were preserved for appeal.
Following a bench trial, Mandi D.'s parental rights to her daughter, M.N., were terminated, and the Department was appointed as M.N.'s permanent managing conservator. The trial court signed the final order on August 4, 2006. On August 25, Mandi filed a combined statement of points for appeal and motion for new trial. The filing was more than fifteen days after the final order was signed and therefore outside the time limit set by section 263.405(b) of the Texas Family Code. On September 5, Mandi filed a written motion to extend the time for filing her statement of points. On that same day, the trial court heard Mandi's motions, signed an order extending the time limit for Mandi to file her statement of points, found that her statement of points was timely filed, and denied her motion for new trial. See TEX. FAM.CODE § 263.405(d).
Mandi appealed. The Department asserted, and the court of appeals held, that the trial court did not have authority to extend the time for Mandi to file her statement of points and that she had not timely filed them. 230 S.W.3d at 248. The appellate court held that Mandi had not preserved any issues for appeal and affirmed the termination order. Id.
*801 In this Court, Mandi contends, in part, that the court of appeals erred in holding that she waived her points for appeal and that it was prohibited from considering her issues.[1] Mandi argues Texas Rule of Appellate Procedure 26.3 applies to allow extension of the time for filing her statement of points and generally urges that the court of appeals erred by holding section 263.403(i) precluded the trial court from granting her motion to extend the time for filing her points for appeal. We construe her arguments to generally address the court of appeals' holding that the trial court could not grant her motion to extend time and that she preserved no issues for appeal. See TEX.R.APP. P. 55.2(f) ("The statement of an issue or point will be treated as covering every subsidiary question that is fairly included."); Williams v. Khalaf, 802 S.W.2d 651, 658 (Tex.1990) ("It is our practice to construe points of error liberally in order to adjudicate justly, fairly and equitably the rights of the litigants." (citations omitted)); Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex.1989).
Family Code section 263.405 is entitled "Appeal of Final Order." It provides for the expedited disposition of cases in which children are under the care of the Department. See In re D.R.L.M., 84 S.W.3d 281, 293 (Tex.App.-Fort Worth 2002, pet. denied); Linda B. Thomas & Ardita L. Vick, Family Law: Parent and Child, 60 SMU L. REV. 1053, 1074 (2007) ("[S]ection 263.405 of the Family Code addresses [the need for child custody cases to be resolved expeditiously] by providing for an accelerated appeal with shortened deadlines, an expedited filing of the record, and the requirement that the appellate court `render its final order or judgment with the least possible delay'"). Section 263.405 contains several subsections. Subsections (a) and (b) provide:
(a) An appeal of a final order rendered under this subchapter is governed by the rules of the supreme court for accelerated appeals in civil cases and the procedures provided by this section. The appellate court shall render its final order or judgment with the least possible delay.
(b) Not later than the 15th day after the date a final order is signed by the trial judge, a party who intends to request a new trial or appeal the order must file with the trial court:
(1) a request for a new trial; or
(2) if an appeal is sought, a statement of the point or points on which the party intends to appeal.
In 2005, section 263.405(i) was added. See Act of May 12, 2005, 79th Leg., R. S., ch. 176, § 1, 2005 Tex. Gen. Laws 332. Subsection (i) provides:
(i) The appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial. For purposes of this subsection, a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal.
The bill analysis indicates that section 263.405(i) was added because some *802 appellate courts had considered issues on appeal even though the issues were not set out in timely-filed statements of points for appeal. House Comm. on Juvenile Justice & Family Issues, Bill Analysis, Tex. H.B. 409, 79th Leg., R.S. (2005). Consideration of issues under those circumstances reduced section 263.405's intended effect of expediting the final disposition of cases. Id. However, section 263.405 does not address whether the trial court may grant an extension of the deadline for filing a statement of points. Thus, we must decide whether a "timely-filed" statement of points under section 263.405(i) includes a statement such as Mandi's that is filed beyond the fifteen-day limit set by section 263.405(b), but within an extended time period granted by the trial court and before the thirty-day hearing required by section 263.405(d). See TEX. FAM.CODE § 263.405(d) ("The trial court shall hold a hearing not later than the 30th day after the date the final order is signed to determine whether: (1) a new trial should be granted; (2) a party's claim of indigence, if any, should be sustained; and (3) the appeal is frivolous as provided by Section 13.003(b), Civil Practice and Remedies Code.").
In construing statutory language our objective is to determine and give effect to the Legislature's intent. State v. Gonzalez, 82 S.W.3d 322, 327 (Tex.2002); see also TEX. GOV'T CODE § 312.005; Am. Home Prods. Corp. v. Clark, 38 S.W.3d 92, 95 (Tex.2000). We determine legislative intent from the statute as a whole and not from isolated portions. Gonzalez, 82 S.W.3d at 327. We presume the Legislature intended a fair and reasonable result. See TEX. GOV'T CODE § 311.021(3). We also presume the Legislature included each word in the statute for a purpose, see Eddins-Walcher Butane Co. v. Calvert, 156 Tex. 587, 298 S.W.2d 93, 96 (1957), and that words not included were purposefully omitted. See Cameron v. Terrell & Garrett, Inc., 618 S.W.2d 535, 540 (Tex.1981).
This Court is obligated to promulgate rules of practice and procedure in civil cases. See TEX. CONST. art. V, § 31(b) ("The Supreme Court shall promulgate rules of civil procedure for all courts not inconsistent with the laws of the state as may be necessary for the efficient and uniform administration of justice in the various courts."); TEX. GOV'T CODE § 22.003(d) ("The supreme court from time to time shall promulgate suitable rules, forms, and regulations ...."); id. § 22.004(a) ("The supreme court has the full rulemaking power in the practice and procedure in civil actions, except that its rules may not abridge, enlarge, or modify the substantive rights of a litigant."); see generally Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270, 273-74 (1936). Rules promulgated by this Court repeal conflicting laws and parts of laws governing practice and procedure so long as the laws are non-substantive. See TEX. CONST. art. V, § 31(c); TEX. GOV'T CODE § 22.004(c) ("So that the supreme court has full rulemaking power in civil actions, a rule adopted by the supreme court repeals all conflicting laws and parts of laws governing practice and procedure in civil actions, but substantive law is not repealed."). The rules of civil procedure are intended to promote just, fair, and equitable resolution of issues. See TEX.R. CIV. P. 1. Within the overarching guideline of promoting just, fair, and equitable resolutions of issues, the rules provide for extensions of time for filings. For example, Texas Rule of Civil Procedure 5 permits the trial court to grant an extension of time for any act required to be done within a specified time. The rules of appellate procedure likewise recognize the goal of just, fair, and equitable resolution of issues by, in *803 part, excusing missed deadlines under certain circumstances. See TEX.R.APP. P. 26.3 (providing that an appellate court may extend time to file a notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the party files the notice of appeal in the trial court and a motion to extend time in the appellate court). Extensions of time may be allowed for filing notices of appeal even in accelerated appeals. See In re K.A.F., 160 S.W.3d 923, 926 (Tex.2005).
Although the goal of section 263.405 is to decrease post-judgment delays when children are under the care of the Department, section 263.405 does not indicate legislative intent to unfairly or unreasonably preclude parents from appealing final orders. In construing the procedural provisions of section 263.405, we keep in mind that the Legislature adopted it in light of the rules of civil and appellate procedure providing for extensions of deadlines under certain circumstances. See TEX. GOV'T CODE § 22.004(b) ("The clerk of the supreme court shall file with the secretary of state the rules or amendments to rules promulgated by the supreme court ... [and][t]he secretary of state shall report the rules or amendments to rules to the next regular session of the legislature by mailing a copy of the rules or amendments to rules to each elected member of the legislature on or before December 1 immediately preceding the session."). Section 263.405(h), for example, contains language implicitly acknowledging that procedural appellate deadlines can be extended under the rules of appellate procedure: it provides that an appellate court may not extend certain deadlines except for good cause. TEX. FAM.CODE § 263.405(h).
As previously noted, section 263.405 does not address whether 263.405(b)'s deadline for a statement of points can be extended. Unquestionably, however, the Legislature intended sections 263.405(b) and (i) to yield just, fair, and reasonable results within the legislative goal of obtaining expedited disposition of appeals. See TEX. GOV'T CODE § 311.021(3). Such intent is in harmony with the goals of the rules of civil and appellate procedure. See TEX.R. CIV. P. 1; Williams, 802 S.W.2d at 658. In light of the foregoing, and there being no conflicting language in section 263.405, we hold that the provisions of Texas Rule of Civil Procedure 5 apply to the question of whether the trial court may extend the time for filing a statement of points for appeal under section 263.405. Accordingly, the trial court could grant Mandi's motion to enlarge the time for filing her statement of points if Mandi showed good cause for her failure to timely file it. TEX.R. CIV. P. 5.
In Carpenter v. Cimarron Hydrocarbons Corp., 98 S.W.3d 682 (Tex.2002), we considered what constitutes "good cause" under Rule 5. There, Carpenter filed a motion for summary judgment and a hearing was set. Id. at 684. Cimarron failed to timely file a response to Carpenter's motion. Id. On the morning of the summary judgment hearing, Cimarron filed a motion for continuance and a motion for leave to file an untimely response. Id. at 685. At the hearing, Cimarron's counsel argued in support of its motion that Carpenter would not be prejudiced if Cimarron were allowed to file its response late, but "offered no explanation of the error from which the trial court might determine that an accident or mistake had occurred." Id. at 688. The trial court denied both motions and granted Carpenter's motion for summary judgment. Id. at 685. Cimarron appealed and the court of appeals reversed. Id. This Court reversed the court of appeals' judgment. Id. at 688. In doing so, we held that the provisions of Rule 5 applied, and that under the Rule:

*804 [A] motion for leave to file a late summary-judgment response should be granted when the nonmovant [for summary judgment] establishes good cause by showing that the failure to timely respond (1) was not intentional or the result of conscious indifference, but the result of an accident or mistake, and (2) that allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment.
Id. Cimarron, however, had offered no explanation for its failure to timely file a response, so we held that the trial court's denial of Cimarron's motion to file an untimely response was proper. Id.
Applying the standards of Rule 5 we enunciated in Carpenter to this case, we note that Mandi's motion to extend time to file her statement of points set out that her counsel mis-calendared the time for post-trial filings. Further, at the hearing on the motion to extend time, Mandi's counsel explained without objection that the late filing was due to counsel's having mistakenly used the date she received the final order to calculate the last date for filing the statement of points, instead of using the date the order was signed. According to counsel's explanation during the hearing, Mandi at all times desired to appeal the termination of her parental rights and counsel filed the statement of points timely according to the erroneously-calendared deadline. The Department did not contest either the allegations in Mandi's motion for having filed the statement of points late or Mandi's attorney's explanation at the hearing.
The court of appeals held that the trial court did not have authority to grant Mandi's motion, the trial court's order was ineffective to extend the time to file, and the untimely filing failed to preserve error for review. 230 S.W.3d at 249-50. The court of appeals did not consider whether Mandi proved good cause for her failure to timely file her statement of points. Unlike the record in Carpenter, the record here reflects that Mandi pleaded facts underlying her late filing and her attorney explained the late filing without objection at the September 5 hearing. See Banda v. Garcia, 955 S.W.2d 270, 272 (Tex.1997) ("Normally, an attorney's statements must be under oath to be considered evidence... [but] the opponent of the testimony can waive the oath requirement by failing to object when the opponent knows or should know that an objection is necessary."); Fullenwider v. Am. Guarantee & Liab. Ins. Co., 821 S.W.2d 658, 662 (Tex. App.-San Antonio 1991, writ denied) ("The sole showing of good cause was the unsworn statements of defendant's attorney..., [and the] attorney for plaintiff in this case allowed defendant's attorney to testify without objection; therefore, he waived the administration of the oath."). The Department has not claimed that the five-day-late filing of Mandi's statement of points prejudiced or could have prejudiced any party. Nor do we see how it would be in derogation of the Legislature's clearly manifested intent that the final disposition of cases such as this be expedited. Accordingly, we hold that the trial court did not abuse its discretion in granting Mandi's motion to extend the time for filing her points of appeal, and her statement of points was timely filed. See Carpenter, 98 S.W.3d at 688.
Mandi's petition for review is granted. Without hearing oral argument, we reverse the judgment of the court of appeals and remand the case to the court of appeals for further proceedings in accordance with this opinion. See TEX.R.APP. P. 59.1.
Justice WILLETT filed a dissenting opinion.
*805 Justice WILLETT, dissenting.
For better or for worse, the Legislature in Family Code section 263.405(b) set a firm fifteen-day deadline for filing a statement of points for appeal. Reasonable people can dispute the efficacy of this hard-and-fast deadline, but few can dispute its clarity.
I fully understand the Court's desire for leniency in enlarging the fifteen-day deadline beyond the statute's terms. Appealing the termination of one's parental rights is serious business, and having such rights vanish because of a counsel's (or pro se litigant's) mis-calendaring is nigh unfathomable. On the other hand, every day of childhood is irreplaceable, and society benefits when children are placed in safe, secure and loving homes as quickly as possible.
The Legislature wanted these cases to proceed with alacrity, reducing post-judgment delay by barring appellate consideration of tardy points. I would take lawmakers at their word: fifteen days means fifteen days. Squeezing out delay, however, does not permit squeezing out due process. It is one task to honor a fast-tracking statute's unambiguous text and refuse to judicially rewrite it under the guise of construction. It is quite another to examine whether that text, however plain, unconstitutionally restricts due process or other guarantees. Terminating parental rights cannot warrant terminating constitutional rights.
I would (1) hold that court-made rules of procedure do not trump the Family Code's fifteen-day deadline and then, assuming preservation, (2) confront head-on whether this statutory deadline violates Durham's due-process rights or any other constitutional provision.[1] Because the Court does neither, I respectfully dissent.
NOTES
[1] Mandi also challenges the constitutionality of sections 263.405(b) and (i). We decide the case on non-constitutional grounds, do not reach the constitutional issue, and express no opinion in regard to it. See VanDevender v. Woods, 222 S.W.3d 430, 432 (Tex.2007) ("Judicial restraint cautions that when a case may be decided on a non-constitutional ground, we should rest our decision on that ground and not wade into ancillary constitutional questions."); In re B.L.D., 113 S.W.3d 340, 349 (Tex.2003).
[1] The Court today has granted a petition for review that challenges the fifteen-day deadline on constitutional grounds. In re J.O.A., 51 Tex. Sup. Ct. J., 262 S.W.3d 7 (Aug. 29, 2008). In that case, where preservation of the constitutional issues is clear, each parent's trial counsel withdrew from the case after the trial court entered judgment. They never filed a statement of points before withdrawing, and appellate counsel was not appointed until after the fifteen-day deadline had passed.