Opinion filed September 25, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed September
25, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                             No.
11-08-00065-CV 

                                                                    __________

 

                                   IN THE INTEREST OF R.G.B.R., A CHILD

 



 

                                  On
Appeal from the 29th Judicial District Court

 

                                                      Palo
Pinto County, Texas

 

                                                  Trial
Court Cause No. C41891

 



 

                                              M
E M O R A N D U M   O P I N I O N 

 

This
is an accelerated appeal from the trial court=s
order terminating appellants=
parental rights.  We affirm. 

Background
Facts

Lisa
Anna Rendon and Gustovo Barboza, Jr., appellants, are the parents of R.G.B.R. 
The Department of Family and Protective Services filed a Petition for
Protection of a Child for Conservatorship and for Termination in Suit Affecting
the Parent-Child Relationship.  The trial court entered an order allowing for
emergency removal of the child.  The department implemented a service plan for
appellants with the goal of reunification.  Rendon and Barboza failed to comply
with the service plan, and the department sought termination of their parental
rights.








After
a bench trial, the court entered an order terminating both Rendon=s and Barboza=s  parental rights to the
child.  The trial court found by clear and convincing evidence that Rendon:

(1)
knowingly placed or knowingly allowed the child to remain in conditions or
surroundings that endangered the physical or emotional well-being of the child B Tex. Fam. Code Ann. ' 161.001(1)(E)
(Vernon Supp. 2008); 

(2) 
failed to comply with the provisions of a court order that specifically
established the actions necessary for Rendon to obtain the return of the child
who has been in the permanent or temporary managing conservatorship of the
Department of Family and Protective Services for not less than nine months as a
result of the child=s
removal from the parents under Chapter 262[1]
for the abuse or neglect of the child B
Tex. Fam. Code Ann. ' 161.001(1)(O) (Vernon
Supp. 2008); and       (3) used a controlled substance, as defined by Chapter
481[2]
of the Health and Safety Code, in a manner that endangered the health and
safety of the child, and (1) failed to complete a court-ordered substance abuse
treatment program, or (2) after completion of a court-ordered substance abuse
treatment program continued to abuse a controlled substance B Tex. Fam. Code Ann. ' 161.001(1)(P)
(Vernon Supp. 2008).  

The
trial court further found by clear and convincing evidence that Barboza:

(1)
knowingly placed or knowingly allowed the child to remain in conditions or
surroundings that endanger the physical or emotional well-being of the child B Tex. Fam. Code Ann. ' 161.001(1)(E)
(Vernon Supp. 2008); and 

            (2)  failed to comply with the provisions of a court order that
specifically established the actions necessary for Barboza to obtain the return
of the child who has been in the permanent or temporary managing
conservatorship of the Department of Family and Protective Services for not
less than nine months as a result of the child=s
removal from the parents under Chapter 262 for the abuse or neglect of the
child B  Tex. Fam. Code Ann. ' 161.001(1)(O) (Vernon
Supp. 2008). 








Barboza=s Statement of Points

Barboza
did not preserve any issues for review on appeal because he did not file a
statement of points as required by Tex.
Fam. Code Ann. '
263.405(b), (b-1) (Vernon Supp. 2008).  The statute provides: 

(b) 
Not later than the 15th day after the date a final order is signed by the trial
judge, a party who intends to request a new trial or appeal the order must file
with the trial court:

(1) 
a request for a new trial; or

 

(2) 
if an appeal is sought, a statement of the point or points on which the party
intends to appeal.

 

(b-1) The statement under Subsection (b)(2) may be combined
with a motion for a new trial.

The statute
further provides in relevant part:

The appellate court may not consider any issue that was not
specifically presented to the trial court in a timely filed statement of the
points on which the party intends to appeal or in a statement combined with a
motion for new trial.  

Tex. Fam. Code Ann. ' 263.405(i) (Vernon Supp.
2008).

In
this case, the order of termination was signed on January 28, 2008.  Barboza
filed a notice of appeal on February 15, 2008.  Barboza did not file a
statement of points stating the issues on which he intends to appeal.  The
statute is clear that a party who does not file a statement of the points on
appeal does not preserve any issues for appeal.  Section 263.405(b); In re
M.N., 230 S.W.3d 248, 249 (Tex. App.CEastland
2007, pet. filed), rev=d
& remanded on other grounds, No. 07-0698, 2008 WL 3991189 (Tex. Aug.
29, 2008).  Not only does the party waive those issues, but the statute also
prohibits the appellate court from considering any issues that are not
contained in a statement of points on appeal.  In re M.N., 230 S.W.3d at
249-50.  Because we cannot consider Barboza=s
issues on appeal, we affirm the portion of the judgment that terminates his
parental rights to R.G.B.R.

Rendon=s Issues on Appeal








Rendon
asserts on appeal that the trial court erred in determining that she committed
one or more acts prohibited under Tex.
Fam. Code Ann. '
161.001(1) (Vernon Supp. 2008).  She also asserts that the trial court erred in
determining that termination of Rendon=s
parental rights was in the best interest of the child. 

Standard
of Review

Due
process requires that the grounds for termination be established by clear and
convincing evidence. In re J.F.C., 96 S.W.3d 256, 263 (Tex. 2002)
(citing Santosky v. Kramer, 455 U.S. 745, 769 (1982)); In re J.P.H.,
196 S.W.3d 289, 292 (Tex. App.CEastland
2006, no pet.). This requires a measure or degree of proof that will produce in
the mind of the trier of fact a firm belief or conviction as to the truth of
the allegations sought to be established.  In re J.P.H., 196 S.W.3d at
292.

When
conducting a legal sufficiency review, we review all of the evidence in the
light most favorable to the finding to determine whether a reasonable trier of
fact could have formed a firm belief or conviction that its finding was true. 
City of Keller v. Wilson, 168 S.W.3d 802, 817 (Tex. 2005); In re J.F.C.,
96 S.W.3d at 266; In re J.P.H., 196 S.W.3d at 292. We must assume that
the factfinder resolved disputed facts in favor of its finding if a reasonable
factfinder could do so.  Phillips v. Tex. Dep=t of Protective & Regulatory Servs.,
149 S.W.3d 814, 817 (Tex. App.CEastland
2004, no pet.).

When
conducting a factual sufficiency review, we review the entire record, including
evidence in support of and contrary to the judgment, and give due consideration
to evidence the trial court could have found to be clear and convincing.  In
re C.H., 89 S.W.3d 17, 25 (Tex. 2002).  We then determine whether the
evidence is such that a factfinder could form a firm belief or conviction that
grounds for termination exist.  Id.  We also consider whether any
disputed evidence is such that a reasonable factfinder could not have resolved
that disputed evidence in favor of its finding.  Id. 

Grounds
for Termination

Rendon
asserts in her brief that extenuating circumstances made it impossible for her
to comply with the court=s
order establishing the actions necessary for her to obtain the return of
R.G.B.R.  She admits to not completing the individual counseling sessions but
states that her failure to complete the sessions was due to the counselor
terminating her sessions.  She does not offer any argument as to why she did
not complete the other requirements of the order. 








Rendon
does not challenge the trial court=s
finding on the other two grounds supporting termination; specifically that she 
knowingly placed the child in an environment that endangered the physical and
emotional well-being of the child and that she used a controlled substance in a
manner that endangered the child.  Only one finding alleged under Section
161.001(1) is necessary for a judgment of termination.  In re D.M., 58
S.W.3d 801, 813 (Tex. App.CFort
Worth 2001, no pet.); In re S.F., 32 S.W.3d 318, 320 (Tex. App.CSan Antonio 2000, no pet.). 
Because Rendon does not challenge the trial court=s
finding on the above two grounds, we overrule her first issue on appeal. 

Best
Interest of the Child

In
parent-child termination proceedings, there is a strong presumption that the
child=s best interest
is usually served by keeping him with his natural parents.  Wiley v.
Spratlan, 543 S.W.2d 349, 352 (Tex. 1976); In re D.M., 58 S.W.3d at
814.  The Texas Supreme Court has recognized several factors to consider in
determining whether termination is in a child=s
best interest.  Holley v. Adams, 544 S.W.2d 367, 372 (Tex. 1976). 
These include (1) the desires of the child; (2) the emotional and physical
needs of the child now and in the future; (3) the emotional and physical danger
to the child now and in the future; (4) the parental abilities of the
individuals seeking custody; (5) the programs available to assist those
individuals to promote the best interest of the child; (6) the plans for the
child by these individuals or by the agency seeking custody; (7) the stability
of the home or proposed placement; (8) the acts or omissions of the parent that
may indicate the existing parent-child relationship is not proper; and (9) any
excuse for the acts or omissions of the parent.  Id. at 371-72.   This
list of factors is not exhaustive, and no single consideration is controlling. 
In re D.M., 58 S.W.3d at 814.

Courtney
Davis, a caseworker with Child Protective Services, testified that R.G.B.R. was
removed from the care of Rendon and Barboza due to their drug use.  Davis
testified that the apartment where the child was living before removal was
infested with cockroaches and cockroach nests.  She testified that there were
bags of trash everywhere and that the oven was on with the door open to heat
the apartment.  She further testified that  R.G.B.R. had not eaten in four
days.  She also stated that, at the time of trial, Rendon and Barboza lived in
a motel and did not have suitable and stable housing.








Davis
testified that Rendon was to complete a plan of service that included parenting
classes, psychological evaluations, drug assessments, anger management,
homemaking skills classes, and individual counseling.  Davis stated that Rendon
completed a drug assessment and the recommended twenty-eight day inpatient
program.  Davis further testified that Rendon relapsed and was admitted into a
second twenty-eight day inpatient program.  Rendon completed the twenty-eight
day program and extended her stay for fourteen more days.  Davis testified that
Rendon was released from rehab in December.  Davis also testified that Rendon
had used drugs throughout the case and that she had only been clean for two months. 
Davis testified that Rendon had completed a psychological assessment but did
not follow through with any of the recommendations from that assessment.  Davis
further testified that Rendon had not completed parenting classes or anger
management classes.

            Davis
testified that R.G.B.R. was living with his paternal grandmother and that she
wants to adopt him.  Davis testified that, due to Rendon=s extensive drug use and her inability to
complete the programs offered, she had failed to demonstrate that she could
make the changes necessary to parent R.G.B.R.  Davis recommended termination of
Rendon=s parental
rights.

Rendon
testified that she has abused drugs for twenty-six years.  She testified that
she completed two twenty-eight day inpatient programs.  Rendon testified that
the last time she tested positive for drugs and the last time she used drugs
was October 5, 2007.

Rendon
testified that she had a thirteen-year-old and fifteen-year-old who lived with
her mother because of her incarceration.  She testified that she raised those
children A[o]ff and
on.@  R.G.B.R. was six
years old.  Rendon had been incarcerated for fourteen months since R.G.B.R.=s birth.  Rendon testified
that she would be able to care for R.G.B.R A[o]nce
we get stable and get on our feet.@ 
Rendon testified that she was working on her drug problem by taking it one day
at a time.   Rendon testified that she and Barboza currently live in a motel in
Fort Worth.  She further testified that Texas Inmate Services was helping them
find an apartment and that they hope to be out of the motel by mid-February. 
Rendon testified that she had been working at Denny=s for two and one-half weeks.








The
evidence demonstrates that Rendon was not providing R.G.B.R. with a stable and
secure home environment or meeting his emotional and physical needs.  R.G.B.R.
was removed from a roach-infested apartment that was not heated properly, and he
had not been fed in four days.  Further, there was no evidence that she would
be able to sustain a stable and suitable environment in the future.  Rendon and
Barboza were living in a motel.  They hoped to be in an apartment by mid-
February.  At the time of trial, Rendon had only been out of rehab and clean
for two months and had only been employed for two and one-half weeks.  R.G.B.R.
was in a stable environment outside of Rendon=s
care, and his paternal grandmother wanted to adopt him. 

Based
on this evidence, the trial court did not err in finding that termination of
Rendon=s parental
rights was in R.G.B.R.=s
best interest.  We overrule appellant=s
second issue on appeal. 

Conclusion

We
affirm the judgment of the trial court. 

 

 

RICK STRANGE

JUSTICE

 

September 25,
2008

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Tex. Fam. Code Ann. ch. 262 (Vernon 2002 & Supp. 2008).





[2]Tex. Health & Safety Code
Ann. ch. 481 (Vernon 2003 & Supp.
2008).