TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN





NO. 03-09-00496-CV





Christina Prince, Appellant


v.


Texas Department of Family and Protective Services, Appellee





FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY

NO. 07-2732-FC2, HONORABLE JOHN MCMASTER, JUDGE PRESIDING










NO. 03-09-00497-CV





Christina Prince, Appellant


v.


Texas Department of Family and Protective Services, Appellee





FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY

NO. 08-282-FC4, HONORABLE JOHN MCMASTER, JUDGE PRESIDING




O R D E R

PER CURIAM

 On July 29, 2009, the trial court signed a final order in the above cause numbers, terminating
appellant's parental rights to three children. Appellant was found to be indigent and had appointed
counsel at the trial level. On August 21, appellant filed her notice of appeal, motion for new trial,
and statement of points on appeal. Trial counsel also filed a motion to withdraw along with the
notice of appeal and other documents. On August 24, appellant filed an affidavit of indigence on
appeal and a motion for extension of time to file the notice of appeal, which this Court granted. The
trial court held a hearing on appellant's motion for new trial on August 28, and signed an order
overruling the motion. On September 9, the court signed an order explaining that trial counsel had
been discharged from the case on August 20 but temporarily reinstated for the hearing on the motion
for new trial. The court then discharged trial counsel from the cause. Appellate counsel was
appointed on October 15. On December 11, we received notification from the court reporter and the
trial court clerk's office that the trial court had not held a hearing under section 263.405 of the family
code and, thus, that there had been no finding made as to whether the appeal was frivolous. See Tex.
Fam. Code Ann. § 263.405 (West 2008). The reporter also stated that he had not received a written
request or payment for the record.

 Section 263.405 requires that a party who seeks to appeal from a termination order must file
a motion for new trial or statement of points on which she intends to appeal. (1) Id. § 263.405(b). If
the party wishes to obtain a free record for her appeal, "[t]he trial court shall hold a hearing not later
than the 30th day after the date the final order is signed to determine" whether the motion for new
trial should be granted, whether the party is indigent, and whether her appeal is frivolous. Id.
§ 263.405(d) (emphasis added). The statute further requires that "[t]he appellate record must be filed
in the appellate court not later than the 60th day after the date the final order is signed by the trial
judge, unless the trial court, after a hearing, grants a new trial or denies a request for a trial court
record at no cost." Id. § 263.405(g) (emphasis added). (2)

 Thus, if the trial court does not deny a request for a free record after a hearing on the issue,
the court reporter and trial court clerk have no discretion to do anything other than file the appellate
record at no cost to the appealing party. Id. § 263.405(f). In this case, the trial court clerk has
informed us that as of December 9, "[t]he Hearing on Frivolous Appeal has not been held," (3) and the
time for holding the hearing ran on August 31. See id. § 263.405(d). Thus, no finding of
frivolousness can be entered by the trial court, nor can it at this stage deny a request for a record at
no cost, and the appellate record must be filed. We order the court reporter to file the record in this
case no later than March 22, 2010. See id. § 263.405(f).


Before Justices Patterson, Puryear and Henson

Filed: February 5, 2010
1. Although appellant's notice of appeal, statement of points, and motion for new trial were
filed twenty-three days after the order was signed, the trial court held a hearing on her motion for
new trial, thus impliedly granting an extension of time. See In re M.N., 262 S.W.3d 799, 803
(Tex. 2008) (trial court may grant parent extension of time to file statement of points required by
section 263.405). The opposing parties did not argue that they would suffer any harm or prejudice
by allowing appellant the brief extension. See id. at 804. Further, appellant filed a motion for
extension of time three days after her notice of appeal and other motions, within fifteen days of the
deadline, and that motion was granted by this Court.
2. If the trial court does not sign a written order denying a claim of indigency within thirty-six days of signing the final order, the party is deemed indigent and the trial court must appoint
counsel. Tex. Fam. Code Ann. § 263.405(e) (West 2008).
3. The trial court held a hearing on appellant's motion for new trial and denied the motion,
but made no findings related to appellant's indigence or whether her points on appeal are frivolous
and no orders related to whether appellant was entitled to a free record.