# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

June 16, 2011

The Honorable Jeff Wentworth
Chair, Select Committee on
   Open Government
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0862

Re: Authority of a Type A general-law municipality to adopt and enforce an ordinance prohibiting the discharge of certain firearms or other weapons on property located within its original corporate limits (RQ-0937-GA)

Dear Senator Wentworth:

You ask about the authority of a Type A general-law municipality "to adopt and enforce a firearm discharge ban on property located within its original corporate boundaries."[1] A municipality is authorized to adopt and enforce an ordinance "for the good government, peace, or order of the municipality." TEX. LOC. GOV'T CODE ANN. § 51.001 (West 2008). *See also id.* §§ 51.012 (authority of a Type A general-law municipality to adopt "an ordinance, act, law, or regulation, not inconsistent with state law, that is necessary for the government, interest, welfare, or good order of the municipality as a body politic"), 54.001 (general enforcement authority of municipalities). Chapter 229 of the Local Government Code recognizes the potential authority of a municipality to "regulate the discharge of firearms within the limits of the municipality." *Id.* § 229.001(b)(2).[2]

You note, however, that section 229.002 of the Local Government Code creates a general limitation on such authority:

> A municipality may not apply a regulation relating to the discharge of firearms or other weapons in the *extraterritorial jurisdiction* of the municipality or in an *area annexed* by the municipality after September 1, 1981, if the firearm or other weapon is:

---

[1]*See* Letter from Honorable Jeff Wentworth, Chair, Select Committee on Open Government, to Honorable Greg Abbott, Attorney General of Texas at 1, 3 (Dec. 29, 2010), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

[2]*See also* TEX. AGRIC. CODE ANN. § 251.005(c) (West Supp. 2010) (providing that municipal requirements do not apply to an agricultural operation on land brought within the corporate limits after a certain date unless "reasonably necessary to protect persons who reside in the immediate vicinity or persons on public property in the immediate vicinity of the agricultural operation from the danger of . . . discharge of firearms or other weapons, subject to the restrictions in Section 229.002, Local Government Code").

> (1)    a shotgun, air rifle or pistol, BB gun, or bow and arrow discharged:
>
> > (A)    on a tract of land of 10 acres or more and more than 150 feet from a residence or occupied building located on another property; and
>
> > (B)    in a manner not reasonably expected to cause a projectile to cross the boundary of the tract[.]

*Id.* § 229.002 (emphasis added); *see* Request Letter at 1–2.

The limitation in section 229.002 expressly applies to a municipality's extraterritorial jurisdiction and to certain annexed property, but does not mention property located within the municipality's original city limits.   In Texas statutes, boundaries established by municipal incorporation, annexation, and extraterritorial jurisdiction involve different concepts and authority.

Incorporation creates a municipality and establishes its original boundaries.[3]    A municipality's extraterritorial jurisdiction, however, is by definition an area outside of its corporate boundaries.   *See* TEX. LOC. GOV'T CODE ANN. § 42.021 (West 2008) (stating that "[t]he extraterritorial jurisdiction of a municipality is the unincorporated area that is contiguous to the corporate boundaries of the municipality").

Likewise, annexation is distinct from incorporation.  A municipality's annexation authority is generally limited to property located in its extraterritorial jurisdiction.  *Id.* § 43.051.   Upon annexation, the area annexed by a Type A general-law municipality "becomes a part of the municipality."  *See id.* §§ 43.023(g) (authority of Type A general-law municipality with a population over 5,000 to annex contiguous property), 43.024(d) (annexation authority of Type A general-law municipality).  *See also Elliott Common Sch. Dist. No. 48 v. Cnty. Bd. of Sch. Trustees*, 76 S.W.2d 786, 789 (Tex. Civ. App.—Texarkana 1934, writ dism'd) (stating that "[a]s ordinarily understood 'annex' means to make an integral part of something larger").

Thus, property located in a municipality's original corporate boundaries is not property "in the extraterritorial jurisdiction of the municipality or in an area annexed by the municipality," as section 229.002 provides.  TEX. LOC. GOV'T CODE ANN. § 229.002 (West 2008).  In construing a statute, it is presumed that the Legislature chooses its words carefully, that words are included in a statute for a purpose, and that words not included were purposely omitted. *Kappus v. Kappus*, 284 S.W.3d 831, 835 (Tex. 2009); *In re M.N.*, 262 S.W.3d 799, 802 (Tex. 2008).  Accordingly, section 229.002 of the Local Government Code does not prohibit a Type A general-law municipal ordinance from regulating the discharge of a firearm or other weapon in an area that is within the municipality's original city limits.

---

[3]*See* TEX. LOC. GOV'T CODE ANN. §§ 5.901 (general-law municipality territorial requirements), 6.001–.002 (authority to incorporate as a Type A general-law municipality utilizing procedures applicable to a Type B general-law municipality), 7.001–.007 (procedures for incorporating as a Type A or Type B municipality, resulting in an order that "include[s] the boundaries of the municipality") (West 2008).

## S U M M A R Y

Section 229.002 of the Texas Local Government Code does not prohibit a Type A general-law municipal ordinance from regulating the discharge of a firearm or other weapon in an area that is within the municipality's original city limits.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee