**Opinion issued August 6, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00379-CV

————————————

**MOSE A. GUILLORY AND MARY GUILLORY, Appellants**

**V.**

**SEATON, LLC D/B/A STAFF MANAGEMENT, Appellee**

---

**On Appeal from the 113th District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-61407A**

---

### CONCURRING OPINION

Mose A. Guillory and Mary Guillory ("the Guillorys") appeal the dismissal

of their lawsuit against Seaton, LLC *d/b/a* Staff Management ("Seaton") under

Texas Rule of Civil Procedure 91a. The Guillorys present three issues: (1) "Rule

91a is void and unenforceable because it conflicts with and is thus preempted by Chapter 10 of the Texas Civil Practice and Remedies Code"; (2) Rule 91a is unconstitutional on its face and as applied; and (3) the trial court erred in dismissing the Guillorys' claims against Seaton for negligent undertaking and gross negligence.

I join the majority opinion with respect to the Guillorys' third issue, holding that the Guillorys' negligent undertaking and gross negligence claims have no basis in law. I respectfully concur in the judgment as to the Guillorys' first and second issues.

### Statutory Authority to Promulgate Rule 91a

In their first issue, the Guillorys contend that "Rule 91a is void and unenforceable because it conflicts with and is thus preempted by Chapter 10 of the Texas Civil Practice and Remedies Code." I would find the Guillorys' argument to be without merit. I find no conflict between Rule 91a and Chapter 10.

Civil Practice and Remedies Code section 10.001 provides, in relevant part, that the signing of pleadings and motions constitutes a certificate by the signatory that each claim or defense "is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." TEX. CIV. PRAC. & REM. CODE ANN. § 10.001(2) (Vernon 2002). Sections 10.002 and 10.004 provide authority for the trial court to

impose sanctions for a violation of section 10.001, including an order that counsel who signed pleadings in violation of section 10.001 must pay the other party's reasonable expenses, "including reasonable attorney's fees." *Id.* §§ 10.002(c), 10.004(c) (Vernon 2002). Finally, section 10.006 provides, "Notwithstanding Section 22.004, Government Code, the supreme court may not amend or adopt rules in conflict with this chapter." *Id.* § 10.006 (Vernon 2002).

Rule 91a was adopted by the Texas Supreme Court pursuant to Government Code section 22.004(g). That subsection requires that the supreme court "adopt rules to provide for the dismissal of causes of action that have no basis in law or fact on motion and without evidence" and that a motion to dismiss under the rule be granted or denied by the trial court within forty-five days of its filing. TEX. GOV'T CODE ANN. § 22.004(g) (Vernon Supp. 2014). Rule 91a conforms to the mandate in section 22.004(g). Rule 91a.1 provides:

> [A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

TEX. R. CIV. P. 91a.1. The question, thus, is whether Rule 91a, promulgated pursuant to Government Code section 22.004(g), conflicts with Civil Practice and Remedies Code Chapter 10. If it does, Rule 91a violates section 10.006, which provides that the supreme court cannot adopt rules under section 22.004 that

3

conflict with Chapter 10. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 10.006. I would hold that Rule 91a does not conflict with Chapter 10 and therefore is not procedurally invalid under section 10.006.

Civil Practice and Remedies Code Chapter 10 and Government Code section 22.004(g), read together, require that any rule promulgated by the supreme court pursuant to section 22.004—including Rule 91a—conform to Chapter 10. Rule 91a provides that a party may move to dismiss a cause of action that has no basis in law. *See* TEX. R. CIV. P. 91a.1. If the trial court finds that a cause of action has no basis in law and dismisses the case under Rule 91a, it necessarily finds that the plaintiff's claim is not "warranted by existing law," and, accordingly, would constitute a violation of section 10.001(2). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 10.001(2); TEX. R. CIV. P. 91a.1. Here, in dismissing the Guillorys' suit under Rule 91a as having no basis in law, the trial court necessarily impliedly found that the Guillorys' pleadings violated section 10.001(2). When that happens, Chapter 10 sections 10.002 and 10.004 together authorize the trial court to sanction the signatory of the pleadings by an order requiring the payment of the opposing party's reasonable expenses, including attorneys' fees. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 10.001(2), 10.002(c), 10.004(c). That is exactly what occurred here. Thus, in this case, Government Code section 22.004, Chapter 10, and Rule 91a, read together, authorized the trial court to dismiss the Guillorys'

claims for negligent undertaking and gross negligence and to award reasonable attorney's fees to Seaton against the attorneys who signed pleadings on behalf of the Guillorys because the Guillorys filed their negligence claims without a basis in law, violating both Rule 91a and section 10.001(2). And the plain language of those provisions likewise authorizes this Court to affirm the trial court's judgment.

I agree with the majority's conclusion on de novo review that there was no legal basis for the Guillorys' claims. But I would hold that there is, therefore, no conflict between Rule 91a, which was promulgated pursuant to Government Code section 22.004, as applied in this case, and Civil Practice and Remedies Code Chapter 10. I would overrule the Guillorys' first issue on that basis.

**Constitutionality of Rule 91a**

In their second issue, the Guillorys contend that Rule 91a is unconstitutional on its face and as applied.

### A.      *Facial challenge to constitutionality of Rule 91a*

Article V, section 31(b) of the Texas Constitution authorizes the Texas Supreme Court to "promulgate rules of civil procedure for all courts not inconsistent with the laws of the state as may be necessary for the efficient and uniform administration of justice in the various courts." TEX. CONST. art. V, § 31(b); *In re M.N.*, 262 S.W.3d 799, 802 (Tex. 2008). The Texas Government Code further specifies that "[t]he supreme court has the full rulemaking power in

5

the practice and procedure in civil actions, except that its rules may not abridge, enlarge, or modify the substantive rights of a litigant." TEX. GOV'T CODE ANN. § 22.004(a); *In re M.N.*, 262 S.W.3d at 802. Moreover, "[s]o that the supreme court has full rulemaking power in civil actions, a rule adopted by the supreme court repeals all conflicting laws and parts of laws governing practice and procedure in civil actions, but substantive law is not repealed." TEX. GOV'T CODE ANN. § 22.004(c); *In re M.N.*, 262 S.W.3d at 802. The Texas Rules of Civil Procedure must, therefore, be presumed constitutional unless it is shown that a rule abridges, enlarges, or modifies the substantive rights of a litigant by conflicting with a substantive law.

The majority holds, and I agree, that Rule 91a does not abridge the substantive rights of litigants by conflicting with a substantive law, namely Civil Practice and Remedies Code Chapter 10. Therefore, Rule 91a is not procedurally infirm as alleged by the Guillorys.

The question remains, however, whether Rule 91a is constitutionally infirm because it abridges a constitutionally guaranteed right. Because the supreme court was constitutionally authorized to promulgate the rule by article V, section 31(b) of the Texas Constitution and statutorily authorized to promulgate it by Government Code section 22.004(g), I would hold that the rule is presumptively constitutional under the plain language of article V, section 31(b). Thus, the Guillorys bear the

6

burden of disproving the presumed constitutionality of Rule 91a. I would, therefore, require the Guillorys to bear the burden of demonstrating the rule's unconstitutionality by argument supported by authority. *See* TEX. R. APP. P. 38.1(i) (requiring appellant's brief to contain "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").

The Guillorys contend that Rule 91a is facially unconstitutional because it violates the open courts provision, article I, section 13 of the Texas Constitution; the right to petition government for redress of grievances and the right to free speech, article I, sections 8 and 27 of the Constitution; the right to a jury trial, article I, section 15 and article V, section 10 of the Constitution; the right to due process of law, article I, section 19 of the Texas Constitution and the Fourteenth Amendment to the United States Constitution; and the right to equal protection of the law under article I, sections 3 and 3a of the Texas Constitution and the Fourteenth Amendment to the United States Constitution.

With respect to the open courts provision of the Texas Constitution, I agree with the majority that a fee-shifting rule does not, on its face, deprive litigants of access to the courts in violation of their constitutional right to due process. Indeed, Civil Practice and Remedies Code section 10.002 has long authorized the imposition of the other party's fees and expenses upon the signing of pleadings without a basis in law or fact, and Rule 91a authorizes no more. *See* TEX. CIV.

PRAC. & REM. CODE ANN. § 10.002(c) ("The court may award to a party prevailing on a motion under this section the reasonable expenses and attorney's fees incurred in presenting or opposing the motion . . . ."). The Guillorys do not challenge the constitutionality of section 10.002; indeed, they assume its validity when they attack Rule 91a as being in conflict with it. Because the Guillorys make no other argument that Rule 91a violates the open courts provision, I would conclude that the Guillorys have presented no meritorious argument that Rule 91a, as a fee-shifting rule, denies them access to the courts guaranteed by article I, section 13 of the Texas Constitution.

The Guillorys likewise present no meritorious argument supported by authority that Rule 91a violates any of the other constitutional rights they enumerate. They make only vague and unspecified allegations about the general requirements for satisfying these constitutional provisions without showing, in any specific way, how Rule 91a violates them. Therefore, I would hold that the Guillorys' arguments regarding the facial invalidity of Rule 91a with respect to these other constitutional provisions are inadequately briefed under Texas Rule of Appellate Procedure 38.1(i) and present nothing for review. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

I would overrule the Guillorys' challenge to the facial constitutionality of Rule 91a.

### B.      *As-applied challenge to constitutionality of Rule 91a*

I would also hold that the Guillorys have not shown that Rule 91a operates unconstitutionally as applied in this case.  Indeed, they do not even distinguish their arguments and authorities for contending that the rule is facially unconstitutional from their arguments and authorities in support of their contention that it is unconstitutional as applied.  As the majority points out, the Guillorys argue that Rule 91a is constitutionally infirm because it lacks a provision providing that "a plaintiff may pursue a claim when it is warranted by . . . a nonfrivolous argument for the extension, modification, or reversal of existing law," but they do not identify what, if any, extension, modification, or reversal of existing law they seek.  Slip Op at 18–19.  Nor do they make any argument for a new or different law that should apply in future negligent-undertaking claims in Texas.  Instead, they argue, inconsistently, that they have a valid claim under existing Texas law without being able to show that they do.  Slip Op. at 19.

For the foregoing reasons, I would reject the Guillorys' challenge to the constitutionality of Rule 91a as applied for failure to adequately brief the issues, just as I would reject their challenge to the facial constitutionality of the rule.  *See*

TEX. R. APP. P. 38.1(i) (requiring brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").

## Conclusion

I concur in the panel's judgment affirming the judgment of the trial court.


Evelyn V. Keyes
Justice


Panel consists of Justices Keyes, Higley, and Brown.

Justice Keyes, concurring.