**Affirmed; Opinion Filed February 6, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00451-CV

### IN THE INTEREST OF N.E.S., A MINOR CHILD

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. FA-15-0165**

## MEMORANDUM OPINION
Before Justices Partida-Kipness, Pedersen, III, and Carlyle
Opinion by Justice Carlyle

Father appeals the trial court's order modifying terms of support, conservatorship, and possession of N.E.S., a minor child of Father and Mother. In his sole issue on appeal, Father contends the trial court lacked subject matter jurisdiction to render the challenged order and a prior decree of divorce respecting Father and Mother. We decide against Father on his issue. The trial court's order is affirmed.

### I. FACTUAL AND PROCEDURAL CONTEXT

N.E.S. was born in 2011. On April 16, 2012, an associate judge in the 15th District Court of Grayson County, Texas, signed an agreed "Child Support Review Order" (the "2012 Order") in a suit affecting the parent–child relationship ("SAPCR") regarding N.E.S. Father and Mother (unmarried at the time) and the Office of the Attorney General for the State of Texas were parties

to that suit and all appeared. The 2012 Order contained terms of support, conservatorship, and possession respecting N.E.S.

In January 2013, Father and Mother were married. On February 6, 2015, Mother, proceeding pro se, filed a petition for divorce in the 397th District Court of Grayson County, Texas (the "trial court"). Mother used a form document that stated in part,

> (Check box below only if true.)
> □ There are no court orders about any of the children listed above. No other Court has continuing jurisdiction over this case or the children.

Mother did not check that box. Mother's petition requested orders for support, conservatorship, and possession of N.E.S. Father was served by publication and did not file an answer or otherwise appear. Instead, Father filed a February 23, 2015 lawsuit in California seeking custody of N.E.S. The California court dismissed that case for lack of jurisdiction prior to the trial court rulings he challenges here. On May 19, 2015, the trial court here signed a final decree of divorce that (1) stated in part "[t]he Court, after receiving evidence, finds that it has jurisdiction of this case" and (2) contained provisions respecting support, conservatorship, and possession of N.E.S.

After receiving notice of the final decree of divorce, Father filed a June 27, 2017 "Motion to Modify in SAPCR" in the trial court. In that motion, Father stated in part (1) "Petitioner is the father of the child and has standing to bring this suit," and (2) "[t]his Court has continuing, exclusive jurisdiction of this suit." At the hearing on Father's motion to modify, both Father and Mother appeared and were represented by counsel.

On January 18, 2018, the trial court signed a document titled "Final Orders in SAPCR," which contained terms of support, conservatorship, and possession of N.E.S. (the "2018 Order"). That order stated in part, "The Court, after examining the record and hearing the evidence and arguments of counsel, finds that all prerequisites of law have been legally satisfied and that the Court has jurisdiction of this cause and of the parties." The court denied Father's modification.

Father filed a timely request for findings of fact and conclusions of law respecting the 2018 Order. That request stated in part, "[Father] requests that the Court's findings and conclusions include . . . the Court's findings that determine that no other court has continuing, exclusive jurisdiction of this case." Twelve days later, Father filed a motion for new trial that stated in part, "A new trial should be granted because the Court lacked subject jurisdiction over the parties and the child the subject of this suit at the time the above judgment was rendered." He did not elaborate.

Father's motion for new trial was overruled by operation of law. The trial court issued findings of fact and conclusions of law that stated in part (1) "[t]his case originated as a divorce in this Court," (2) "[t]he Court granted a divorce and awarded primary custody to Mother," (3) "Father then filed the instant SAPCR asking the Court to modify its previous ruling," and (4) "[n]o challenge to the Court's jurisdiction—either original or continuing—was raised by either party at any time in this action." Despite his lack-of-subject-matter-jurisdiction assertion in the motion for new trial, Father failed to request amended findings of fact and conclusions of law. *See* TEX. R. CIV. P. 298. This appeal timely followed.

## II. SUBJECT MATTER JURISDICTION

Subject matter jurisdiction is a question of law and is reviewed de novo. *See, e.g.*, *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). It "is an issue that may be raised for the first time on appeal; it may not be waived by the parties." *Id.* "A judgment rendered without subject-matter jurisdiction is void and subject to collateral attack." *Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 750 (Tex. 2017). But "[e]rrors that make a judgment voidable are subject to waiver and must be preserved pursuant to Texas Rule of Appellate Procedure 33.1." *In re M.L.G.J.*, No. 14-14-00800-CV, 2015 WL 1402652, at *3 (Tex. App.—Houston [14th Dist.] Mar. 24, 2015, no pet.) (mem. op.).

Further, we review issues of statutory construction de novo. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). When construing a statute, our primary objective is to ascertain and give effect to the Legislature's intent. *TGS–NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). "We presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen." *Id.* (citing *In re M.N.*, 262 S.W.3d 799, 802 (Tex. 2008)). "When the statutory language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 296 (2006).

Suits affecting the parent–child relationship are governed by Title 5 of the Texas Family Code. *See* TEX. FAM. CODE ANN. §§ 101.001–266.013. Chapter 155's subchapter A, part of Title 5, states in part: "Except as otherwise provided by this section, a court acquires continuing, exclusive jurisdiction over the matters provided for by this title in connection with a child on the rendition of a final order." *Id.* § 155.001(a). In that event, "no other court of this state has jurisdiction of a suit with regard to that child" except as provided by Chapter 155 and several other family code provisions not applicable in this case. *Id.* § 155.001(c).

Additionally, Chapter 155's subchapter B requires that "[t]he petitioner or the court shall request from the vital statistics unit identification of the court that last had continuing, exclusive jurisdiction of the child in a suit unless: (1) the petition alleges that no court has continuing, exclusive jurisdiction of the child and the issue is not disputed by the pleadings; or (2) the petition alleges that the court in which the suit or petition to modify has been filed has acquired and retains continuing, exclusive jurisdiction of the child as the result of a prior proceeding and the issue is not disputed by the pleadings." *Id.* § 155.101. "If a court in which a suit is filed determines that

another court has continuing, exclusive jurisdiction of the child, the court in which the suit is filed shall dismiss the suit without prejudice." *Id*. § 155.102.

That said, a court shall have jurisdiction over a suit if (1) it has been incorrectly informed by the vital statistics unit that the child has not been the subject of a suit, (2) the petition states that no other court has continuing, exclusive jurisdiction over the child, and (3) the vital statistics unit does not notify the court of the mistake prior to the rendition of a final order. *Id*. § 155.103. Section 155.104, "Voidable Order," has two subsections, (a) and (b). Only 155.104(b) is relevant here: "If a final order is rendered in the absence of the filing of the information from the vital statistics unit, the order is voidable on a showing that a court other than the court that rendered the order had continuing, exclusive jurisdiction."[1]

In his sole issue on appeal, Father contends the 397th District Court lacked subject matter jurisdiction because the 15th District Court had continuing, exclusive jurisdiction. Specifically, Father asserts in part (1) "[n]o request for information from the vital statistics unit was ever made, so the Trial Court could not have relied on incorrect information from the vital statistics unit," and (2) "[o]rders issued in an action brought under Title 5 of the Texas Family Code regarding a child that are rendered by a court other than the court with continuing, exclusive jurisdiction over that child are void for a lack [of] subject-matter jurisdiction."

The parties agree that no vital-statistics-unit information was filed in this case. As described above, "If a final order is rendered in the absence of the filing of the information from the vital statistics unit, the order is voidable on a showing that a court other than the court that rendered the order had continuing, exclusive jurisdiction." *Id*. § 155.104(b). That provision addresses only the "absence of the filing" of information. It does not require any request for

---

[1] Section 155.104(a) states: "If a request for information from the vital statistics unit relating to the identity of the court having continuing, exclusive jurisdiction of the child has been made under this subchapter, a final order, except an order of dismissal, may not be rendered until the information is filed with the court."

information to have been made for an order to be "voidable." *See S.C. v. Tex. Dep't of Family & Protective Servs.*, No. 03-12-00518-CV, 2013 WL 150290, at \*3 (Tex. App.—Austin Jan. 10, 2013, pet. denied) (mem. op.) (where parties and trial court failed to request or file vital statistics information required by family code, section 155.104(b) was applicable and thus SAPCR order was "voidable" rather than void); *Combs*, 340 S.W.3d at 439 ("We presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen."). Because the trial court rendered a final order in the absence of the filing of vital-statistics-unit information, we conclude the divorce decree and 2018 Order in this case were "voidable." *See* FAM. CODE § 155.104(b); *S.C.*, 2013 WL 150290, at \*3.

"Errors that make a judgment voidable are subject to waiver and must be preserved pursuant to Texas Rule of Appellate Procedure 33.1." *In re M.L.G.J.*, 2015 WL 1402652, at \*3; *see* TEX. R. APP. P. 33.1 (as prerequisite for presenting complaint for appellate review, record must show complaint was made to trial court by timely request, objection, or motion that stated grounds with sufficient specificity). Father did not appear in the divorce proceeding, instead taking his chances in a California court. And once he appeared, Father did not mention the 2012 Order in any pleading. Instead, he consistently asserted the trial court had continuing, exclusive jurisdiction.

Only after the trial court ruled against him on his modification request did Father state— for the first time in his motion for new trial—that the trial court "lacked subject jurisdiction over the parties and the child the subject of this suit at the time the above judgment was rendered." That was all he said. Father failed to mention the 2012 Order in that motion for new trial. He failed to mention the 2012 Order in his request for findings of fact and conclusions of law. And he failed to make the 2012 Order part of the trial court record. The 2012 Order appears for the first time in the clerk's record before this Court. *See* TEX. R. APP. P. 34.5(b).

"A timely objection is one made at such a point in the proceedings that the trial court has the opportunity to cure any alleged error." *In re J.M.M.*, No. 05-15-01198-CV, 2017 WL 1536509, at \*1 (Tex. App.—Dallas Apr. 26, 2017, pet. denied) (mem. op.) (concluding complaints raised in motion for new trial were not timely and were not preserved for review). Had Father presented his jurisdictional complaint to the trial court with some explanation, it could have considered transfer. *See* FAM. CODE § 155.201. He did not. Because Father never provided the trial court the necessary specificity to allow that court to cure the alleged error, and because the specific grounds were not at all apparent from the context, he did not preserve the alleged error for this Court's review. *See S.C.*, 2013 WL 150290, at \*3; TEX. R. APP. P. 33.1.

### III. CONCLUSION

We decide against Father on his sole issue. The trial court's order is affirmed.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

180451F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF N.E.S., A MINOR
CHILD

No. 05-18-00451-CV

On Appeal from the 397th Judicial District
Court, Grayson County, Texas
Trial Court Cause No. FA-15-0165.
Opinion delivered by Justice Carlyle.
Justices Partida-Kipness and Pedersen, III
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee Z'Taj Dixon recover her costs of this appeal from appellant
Roscoe Smith Jr.

Judgment entered this 6th day of February, 2019.