ACCEPTED
06-14-00064-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
3/26/2015 1:29:57 PM
DEBBIE AUTREY
CLERK

**No. 06-14-00064-CV**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
3/26/2015 1:29:57 PM
DEBBIE AUTREY
Clerk

# In The Sixth Court Of Appeals
# Texarkana, Texas

JOYCE STEEL ERECTION, LTD.,
*Appellant*

V.

GORDON RAY BONNER,
*Appellee*

FROM THE 202ND JUDICIAL DISTRICT COURT, BOWIE COUNTY, TEXAS
CAUSE NO. 11C0822-202
HONORABLE LEON F. PESEK JR., PRESIDING

## APPELLANT'S OPENING BRIEF

**NORTON ROSE FULBRIGHT US LLP**
J. Jeffery Richardson
State Bar No. 16864450
jeff.richardson@nortonrosefulbright.com
2200 Ross Avenue, Suite 3600
Dallas, Texas 78201
Telephone: 214.855.8121
Facsimile: 214.855.8200

**NORTON ROSE FULBRIGHT US LLP**
Rosemarie Kanusky
State Bar No. 00790999
rosemarie.kanusky@nortonrosefulbright.com
300 Convent, Suite 2100
San Antonio, Texas 78205
Telephone: 210.270.9362
Facsimile: 210.270.7205

*Counsel for Joyce Steel Erection, Ltd.*

**ORAL ARGUMENT REQUESTED**

## Identity of Parties and Counsel

| Appellant/Defendant: | Appellate Counsel: |
|---|---|
| Joyce Steel Erection, Ltd. | NORTON ROSE FULBRIGHT US LLP<br>J. Jeffery Richardson<br>jeff.richardson@nortonrosefulbright.com<br>2200 Ross Avenue, Suite 3600<br>Dallas, Texas 78201<br>Telephone: 214.855.8121<br>Facsimile: 214.855.8200 |

NORTON ROSE FULBRIGHT US LLP
Rosemarie Kanusky
rosemarie.kanusky@nortonrosefulbright.com
300 Convent, Suite 2100
San Antonio, Texas 78205
Telephone: 210.224.5575
Facsimile: 210.270.7205

**Trial Counsel:**

ADKERSON, HAUDER & BEZNEY, P.C.
Paul A. Bezney
paul@ahblaw.net
J. Kevin Kindred
kevin@ahblaw.net
1700 Pacific Avenue, Ste. 4450
Dallas, Texas 75201
Telephone: 214.740.2500
Facsimile: 214.740.2501

**Appellee/Plaintiff:**

Gordon Ray Bonner

**Appellee's Counsel:**

CLEMENTS & CLEMENTS
Robert L. Clements
Robert@clementslaw.com
Kelly R. Clements
Kelly@clementslaw.com
731 N. St. Paulus Ave.
Dallas, Texas  75214
Telephone: 214.827.1122
Facsimile: 214.827.1126

MERCY CARTER TIDWELL, L.L.P
John R. Mercy
jmercy@texarkanalawyers.com
1724 Galleria Oaks Drve
Texarkana, Texas  75503
Telephone: 903.794.9419
Facsimile: 903.794.1268

# Table Of Contents

Identity of Parties and Counsel .................................................................................2

Table Of Contents ....................................................................................................4

Index Of Authorities ................................................................................................7

Statement Of The Case .............................................................................................9

Request For Oral Argument.....................................................................................10

Issues Presented .....................................................................................................10

       1.     When calculating plaintiff's recovery, Section 33.012 of the Texas Civil Practice and Remedies Code requires the trial court to subtract the value of the plaintiff's settlements from the "amount of damages to be recovered" by the plaintiff. Because this calculation starts with the "amount of damages to be recovered," and not the "amount found by the jury," the trial court should necessarily exclude damages attributed to a responsible third party. Did the trial court err by failing to exclude the damages attributable to the responsible third party?

       2.     When calculating prejudgment interest, the Texas Supreme Court requires the declining-principal formula. Did the trial court err by failing to follow this formula?

Statement Of Facts .................................................................................................11

   I.     This case arises from Bonner's construction accident. ......................11

   II.    The jury apportioned liability among Bonner, Joyce Crane, and a responsible third party. ....................................................................11

   III.   The trial court's judgment in Bonner's favor did not properly calculate the award. ........................................................................12

Summary Of The Argument ...................................................................................13

Argument.......................................................................................................14

    I.      Proper application of the proportionate responsibility statute
           requires a take-nothing judgment for Joyce Crane. ...........................14

          A.      The standard of review is de novo. ...........................................15

          B.      A responsible third party is not liable for damages. .................15

          C.      Section 33.012 limits Bonner's recovery to the "amount
               of damages to be recovered by the claimant ." ........................16

          D.      The judgment uses the "amount awarded by the jury,"
               not "the amount of damages to be recovered.".........................17

          E.      "The amount of damages to be recovered" excludes the
               proportion of damages attributable to the responsible
               third party..................................................................................19

    II.     Alternatively, the judgment should reduce prejudgment interest. ......21

          A.      The standard of review is de novo. ...........................................21

          B.      Prejudgment interest is calculated with the declining
               principal formula.......................................................................22

          C.      The judgment does not follow the declining principal
               formula. ......................................................................................23

          D.      The declining principal formula reduces prejudgment
               interest to $12,769.13.................................................................23

          E.      Proper use of the formula reduces the judgment to
               $1,937,467.32.............................................................................26

Conclusion & Request For Specific Relief............................................................26

Certificate Of Compliance & Service ...................................................................29

**Appendices**

Jury Charge (7CR3874-3884)

Amended Judgment (7CR4042-4043)

TEX. CIV. PRAC. & REM. CODE § 33.012

TEX. CIV. PRAC. & REM. CODE § 33.013

# Index Of Authorities

**Page(s)**

**Cases**

*Alvarez v. Garcia,*
04-14-00142-CV, 2014 WL 6687529
(Tex. App.—San Antonio Nov. 26, 2014, no pet.)..............................................21

*Battaglia v. Alexander,*
177 S.W.3d 893 (Tex. 2005) ....................................................17, 22, 23

*Brainard v. Trinity Universal Ins. Co.,*
216 S.W.3d 809 (Tex. 2006) ........................................................21, 22

*Dalworth Restoration, Inc. v. Rife-Marshall,*
433 S.W.3d 773 (Tex. App.—Fort Worth 2014,
pet. dism'd w.o.j.) ......................................................................21

*In re M.N.,*
262 S.W.3d 799 (Tex. 2008) .............................................................15

*Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.,*
962 S.W.2d 507 (Tex. 1998) ..............................................................22

*McIntyre v. Ramirez,*
109 S.W.3d 741 (Tex. 2003) .............................................................15

*Molinet v. Kimbrell,*
356 S.W.3d 407 (Tex. 2011) .............................................................15

*Pilgrim's Pride Corp. v. Cernat,*
205 S.W.3d 110 (Tex. App.—Texarkana 2006, pet. denied)...........................16

*Roberts v. Williamson,*
111 S.W.3d 113 (Tex. 2003) .........................................................16, 21

*State v. Shumake,*
199 S.W.3d 279 (Tex. 2006) .............................................................15

*Stewart Title Guar. Co. v. Sterling,*
822 S.W.2d 1 (Tex. 1991)..............................................................15, 18

*Utts v. Short*,
    03-03-00512-CV, 2004 WL 635342
    (Tex. App.—Austin Apr. 1, 2004, pet. denied) .....................................................15

*Valley Grande Manor v. Paredes*,
    13-11-00752-CV, 2013 WL 3517806
    (Tex. App.—Corpus Christi July 11, 2013, pet. denied)...............................17, 18

**Rules and Statutes**

TEX. CIV. PRAC. & REM. CODE (Vernon 2015)
    § 33.001..........................................................................................................16
    § 33.002..........................................................................................................16
    § 33.003..........................................................................................................16
    § 33.004(i).......................................................................................................16
    § 33.004(i)(1)..................................................................................................18
    § 33.011..........................................................................................................16
    § 33.012................................................................. 10, 13, 16, 17, 18, 19
    § 33.012(a) ..............................................................................................16, 20
    § 33.0012(b)............................................................................................17, 20
    § 33.013..................................................................................................13, 18
    § 33.013(a) .....................................................................................................19

TEX. FIN. CODE (Vernon 2006)
    § 304.006.........................................................................................................22
    § 304.102.........................................................................................................22
    § 304.103.........................................................................................................22
    § 304.104.................................................................................................17, 22, 24
    § 304.1045.......................................................................................................22

TEX. R. APP. P. 4.1 ..................................................................................................24

TEX. R. CIV. P. 4 .....................................................................................................24

**Other Authorities**

Office of Consumer Credit Commissioner, Judgment Rate Summary
    2014, *available at* www.occc.state.tx.us .........................................................22

## Statement Of The Case

*Nature Of The Case:*    Gordon Bonner was injured while assisting the crane lift of a large cement wall at a construction site. 5CR3276.

*Trial Court Information:*    The Honorable Leon F. Pesek, Jr.
202nd Judicial District Court, Bowie County

*Course Of Proceedings:*    The case was tried to a jury on a negligence theory. 7CR3878. The jury ascribed 33% fault to Bonner, 33% fault to Bonner's employer (a responsible third party), 34% fault to Joyce Steel Erection, Ltd. (Joyce Crane), and 0% each to the two settling parties. 7CR3879. The jury awarded $7 million in damages. 7CR3880-3881.

*Trial Court's Disposition:*    The trial court signed a judgment against Joyce Crane, awarding Bonner over $2 million after subtracting $3.1 million in settlement credits from the jury's award. 7CR3934-35.

Joyce Crane moved for a take-nothing judgment under Chapter 33 of the Civil Practice and Remedies Code regarding comparative fault. 7CR3959. Joyce Crane argued that the settlement credits should be subtracted from the amount recoverable, which does not include the amount attributable to the responsible third party. *Id.*

Alternatively, Joyce Crane asked the court to decrease court costs and to apply the declining principal calculation to prejudgment interest. 7CR3979-3985.

By amended judgment, the trial court effectively denied these motions while removing di minimus court costs that Bonner's counsel agreed should not have been awarded. 7CR4042-43. Joyce Crane reurged its motions, which the trial court denied. 7CR4055, 4078, 4135-36. This timely appeal ensued. 7CR4147.

9

## Request For Oral Argument

Joyce Crane respectfully requests oral argument to assist the Court in applying Chapter 33 of the Texas Civil Practice and Remedies Code (comparative responsibility, responsible third parties, and settlement credits), as well as the calculation of prejudgment interest using the declining principal formula. The trial court did not hear oral argument on these issues, which would benefit from discussion.

## Issues Presented

1. When calculating plaintiff's recovery, Section 33.012 of the Texas Civil Practice and Remedies Code requires the trial court to subtract the value of the plaintiff's settlements from the "amount of damages to be recovered" by the plaintiff. Because this calculation starts with the "amount of damages to be recovered," and not the "amount found by the jury," the trial court should necessarily exclude damages attributed to a responsible third party. Did the trial court err by failing to exclude the damages attributable to the responsible third party?

2. When calculating prejudgment interest, the Texas Supreme Court requires the declining-principal formula. Did the trial court err by failing to follow this formula?

## Statement Of Facts

### I.  This case arises from Bonner's construction accident.

Gordon Bonner was hired by Premier Constructors to work on a building project managed by Carothers Construction, Inc. at the Red River Army Depot. 5CR3275. Bonner was injured while helping to maneuver a concrete panel or tilt wall that had been built by Self Concrete, Inc. and lifted by Joyce Crane. 5CR3275-76.

Bonner, who received worker's compensation benefits from Premier, sued Joyce Crane, Self Concrete, and Carothers Construction after sending a demand letter. *See* 1CR6-10; 5CR3274-87, 3312; 7CR3952. Self Concrete and Carothers Construction settled before trial for $3,100,000. 7CR4102-4103 (settlement dates and amounts). Premier was designated as a responsible third party. 1CR137.

### II.  The jury apportioned liability among Bonner, Joyce Crane, and a responsible third party.

The jury was asked a negligence question and, based on that answer, was further asked to apportion liability among Joyce Crane (34%), Bonner (33%), his employer and responsible third party, Premier (33%), and both settling parties, Self Concrete and Caruthers Construction (each 0%). 7CR3878-3879. The jury awarded Bonner $7,000,000 in total damages, of which $3,500,000 represented past damages. 7CR3880-3881. Additionally, Bonner and Joyce Crane had stipulated

11

prior to trial that Bonner's past medical expenses were $358,205.52, and his past lost wages were $147,633.29. 7CR3904.

## III. The trial court's judgment in Bonner's favor did not properly calculate the award.

The trial court signed a judgment in Bonner's favor against Joyce Crane, but that award did not consider the effect of the jury's apportionment of responsibility against Premier. 7CR3934-3935, 3904. Nor did the judgment's award of prejudgment interest calculate the effect of settlement credits on accrued interest. 7CR3934-35, 3903.

Joyce Crane timely filed a combined motion for judgment notwithstanding the verdict and for a take-nothing judgment based on the proper consideration of proportionate responsibility when calculating the judgment amount. 7CR3957-3966. Subject to this motion, Joyce Crane also filed a motion to amend or modify the judgment to correctly calculate prejudgment interest and taxable court costs. 7CR3979-4016. In his response, Bonner conceded that portions of the court costs were improper and asked the trial court to sign his proposed amended judgment. 7CR4019-4041.

Without the benefit of a requested hearing, the trial court signed Bonner's amended judgment. 7CR4042-4043, 4137-4145. The amended judgment substantively denied Joyce Crane's requested relief.

12

Joyce Crane then reurged its motions regarding proper calculation of the judgment and prejudgment interest. 7CR4055-4076; 7CR4078-4118. By signed orders, the trial court denied Joyce Crane's post-judgment motions. 7CR4135-4136. This timely appeal ensued, with Joyce Crane superseding the judgment. 7CR4119-30, 4147.

## Summary Of The Argument

The correct application of settlement credits should result in a take nothing judgment. The trial court calculated Bonner's award by subtracting Bonner's percentage of responsibility and the amount of his settlements from the jury's award of damages (plus the stipulated damages for medical expenses and lost wages).

Section 33.012 of the Civil Practice and Remedies Code, however, starts the calculation from "the amount of damages to be recovered." The "amount of damages to be recovered" cannot include the percentage of damages attributable to a responsible third party because responsible third parties are not, by statute, liable for damages.

Similarly, Section 33.013 calculates a defendant's liability from the amount "for which the damages are allowed," which again cannot include the percentage of damages attributable to a responsible third party.

13

Once the percentage of damages attributable to the responsible third party Premier is subtracted from the amount found by the jury, followed by reductions for Bonner's responsibility and the full settlement amounts, a negative figure results. This negative figure supports a take-nothing judgment in Joyce Crane's favor. Accordingly, the Court should reverse the trial court's judgment and render a take-nothing judgment in Joyce Crane's favor.

Alternatively, the judgment is fatally flawed because the trial court did not follow Texas Supreme Court precedent and apply the declining-principle formula to the prejudgment interest calculation. Under this formula, which operates like a mortgage, settlement payments are credited first to accrued interest and then to principal. Each credit then establishes a new interval for calculating prejudgment interest.

While the trial court subtracted the settlement amounts periodically, it did not credit them first to interest and then to principal. At a minimum, the judgment should be modified to correct the erroneous prejudgment interest award.

**Argument**

I.  **Proper application of the proportionate responsibility statute requires a take-nothing judgment for Joyce Crane.**

The judgment over calculates recoverable damages by ignoring the amount of damages attributable to the responsible — but not liable — third party. Properly

applying the proportionate responsibility statute and pertinent settlement credits yields a take-nothing judgment in favor of Joyce Crane.

### A. The standard of review is de novo.

This Court reviews de novo the trial court's construction and application of the proportionate responsibility statute. *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003); *see also Utts v. Short*, 03-03-00512-CV, 2004 WL 635342, *3 (Tex. App.—Austin Apr. 1, 2004, pet. denied) (explaining that the standard of review turns on whether the allocation of settlement credits involves factual questions or, as here, statutory construction).

The Court construes every word, phrase, and expression in a statute as if it were deliberately chosen, and presumes the words excluded from the statute are done so purposefully. *In re M.N.*, 262 S.W.3d 799, 802 (Tex. 2008). If the statute is clear and unambiguous, the Court applies the words according to their common meaning, without resorting to the rules of construction or extrinsic aids. *Molinet v. Kimbrell*, 356 S.W.3d 407, 414 (Tex. 2011); *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006).

### B. A responsible third party is not liable for damages.

"Merely because actual damages are established by the jury does not necessarily mean that the plaintiff may recover them." *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 9 (Tex. 1991). Recovery in tort cases, for example, is

governed by the proportionate responsibility statute. TEX. CIV. PRAC. & REM. CODE § 33.002.

Under this statute, the trier of fact determines the percentage of responsibility for each claimant or plaintiff, each defendant, each settling person, and each responsible third party "causing or contributing to cause in any way the harm for which recovery of damages is sought." *Id.* § 33.003; *see also id.* § 33.011 (defining "claimant" and other terms). The responsible third party, however, is not subject to liability, even if the trier of fact assigns responsibility to it. *Id.* § 33.004(i).

### C. Section 33.012 limits Bonner's recovery to the "amount of damages to be recovered by the claimant."

If the jury attributes 50% or more of responsibility to the claimant, than the claimant cannot recover any damages. TEX. CIV. PRAC. & REM. CODE § 33.001. If the claimant's responsibility is less than 50%, the claimant's recovery is still limited by the terms of Section 33.012 of the proportionate responsibility statute. *Roberts v. Williamson*, 111 S.W.3d 113, 123 (Tex. 2003); *Pilgrim's Pride Corp. v. Cernat*, 205 S.W.3d 110, 118 & n.6 (Tex. App.—Texarkana 2006, pet. denied).

If the claimant's percentage of liability is 50% or less, then the court must reduce the "***amount of damages to be recovered by the claimant***" by a percentage equal to the claimant's percentage of responsibility. *Id.* § 33.012(a) (emphasis added). If the claimant settled with one or more persons, the court must further

16

reduce "the amount of damages to be recovered by the claimant" by the amount of all settlements. *Id.* § 33.0012(b). The "amount of damages to be recovered by the claimant" also includes prejudgment interest, discussed in more detail below. TEX. FIN. CODE § 304.104; *Battaglia v. Alexander*, 177 S.W.3d 893, 908 (Tex. 2005).

**D.      The judgment uses the "amount awarded by the jury," not "the amount of damages to be recovered."**

In calculating the amount of the judgment, the trial court started with the total verdict of $7,000,000, to which stipulated damages and prejudgment interest were added before making any deductions for both Bonner's proportionate responsibility and his settlements. 7CR3904. But Section 33.012 mandates a calculation that starts with the "amount of damages to be recovered by the claimant." The starting point is *not* "damages found by the jury."

"Damages found by the jury" are not necessarily the same as the "amount of damages to be recovered." For example, in *Valley Grande Manor v. Paredes*, 13-11-00752-CV, 2013 WL 3517806, *1 (Tex. App.—Corpus Christi July 11, 2013, pet. denied), the verdict was $275,000. Before applying a $10,000 settlement credit, the trial court first reduced the jury award to $250,000 under the statutory cap for health care liability claims. *Id.* The trial court then reduced that capped amount by the $10,000 settlement credit. *Id.* Importantly, the trial court applied the $10,000 settlement credit against $250,000 as the "amount of damages to be

17

recovered by the claimant" and not against $275,000 in "damages found by the jury." *See id.*

This result is consistent with *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 4 (Tex. 1991). There, the jury awarded $200,000 in actual damages for defendant's knowing violation of the Insurance Code, which triggers treble damages. *Id.* The defendant argued that a $400,000 settlement credit should be applied before trebling. *Id.* at 8. The Court applied the settlement credit after the damages were trebled because the Insurance Code provides for the trebling of "actual damages," not for the trebling of "recoverable damages." *Id.* at 9.

Under the plain and unambiguous language of Section 33.012, any reductions for the claimant's proportionate responsibility or settlements is made to the amount of "damages to be recovered" not the amount of "damages sought" or the "damages found by the jury." Because the equally unambiguous Section 33.004(i)(1) precludes liability against a responsible third party, the amount of damages caused by the responsible third party are never "damages to be recovered by the claimant" under Section 33.012. The words of the proportionate responsibility statute were deliberately chosen and must mean what they say.

Consistent with Section 33.012, Section 33.013 limits a defendant's liability "*only* for the percentage of the defendant's liability found by the trier of fact equal to that defendant's percentage of responsibility … for which the damages are

allowed." TEX. CIV. PRAC. & REM. CODE § 33.013(a) (emphasis added). The plain and unambiguous language does not mention damages "sought to be recovered" or the "damages found by the jury."

Because the jury's finding against a responsible third party does not establish liability for the damages caused by the responsible third party, such damages are not allowed and are not included in determining another defendant's liability to pay money damages.

### E. "The amount of damages to be recovered" excludes the proportion of damages attributable to the responsible third party.

Because the starting point is "the amount of damages to be recovered by the claimant," that figure cannot include the 33% of damages attributed to responsible third party Premier, particularly when Joyce Crane is not jointly and severally liable. Premier's portion of the jury's award and stipulated damages, plus prejudgment interest (which Bonner lead the Court to miscalculate) is $2,680,792.04 ($8,123,612.24 x 33%).

Ignoring for the moment the Court's error in the calculation of prejudgment interest, which is addressed in the second issue in this appeal, the "amount of damages to be recovered by the claimant" for purposes of Section 33.012 (after subtracting the responsible third party's portion of the jury award) should be $5,442,820.20 ($8,123,612.24 - $2,680,792.04).

This $5,442,820.20 in "damages to be recovered" by Bonner is first reduced "***by a percentage equal to*** the claimant's percentage of responsibility." TEX. CIV. PRAC. & REM. CODE § 33.012(a). To make this reduction properly, Bonner's percentage of responsibility must be recalculated to maintain the same proportion to the whole as existed before the responsible third party's portion was removed. Since the "damages to be recovered" are 67% of the "damages found by the jury," Bonner and Joyce Crane share responsibility for that 67% of the jury's award.

Bonner's percentage of responsibility for the "damages to be recovered" would therefore be 33/67 (his 33% proportionate responsibility divided by the 67% for which damages may be recovered) or .492537. (Joyce Crane's share of the 67% for which damages may be recovered would likewise be 34/67.)

Applying the 33/67 percentage (as "claimant's percentage of responsibility") to the $5,442,820.20 "damages to be recovered," the trial court was required to reduce the $5,442,820.20 by $2,680,790.33 ($5,442,820.20 x .492537). TEX. CIV. PRAC. & REM. CODE § 33.012(a). After this reduction, for claimant's percentage of responsibility, the "damages to be recovered by the claimant" becomes $2,762,029.87 ($5,442,820.20 - $2,680,790.33).

This $2,762,029.87 figure is then reduced by the sum of all settlements under Section 33.012(b). The total of the settlements here is $3,100,000. 7CR4103. Because the settlement amounts are greater than the reduced "amount of

20

damages to be recovered" by Bonner, there is no recovery for Bonner. *See Roberts*, 111 S.W.3d at 123 n.7 ("[A] defendant may incidentally benefit from a claimant's favorable settlement with others."); *Dalworth Restoration, Inc. v. Rife-Marshall*, 433 S.W.3d 773, 781 (Tex. App.—Fort Worth 2014, pet. dism'd w.o.j.) ("When the settlement-credit amount exceeds the plaintiff's recovery against the nonsettling defendant, the court must enter a take-nothing judgment.").

As a matter of statutory construction and mathematical calculation, Joyce Crane is entitled to judgment that Bonner take nothing. Accordingly, this Court should reverse and render judgment in Joyce Crane's favor.

## II. Alternatively, the judgment should reduce prejudgment interest.

As an alternative to rendering judgment in Joyce Crane's favor, this Court should modify the judgment to correct the award of prejudgment interest.

### A. The standard of review is de novo.

The calculation of prejudgment interest is a question of law this Court reviews de novo. *See Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 815-16 (Tex. 2006); *Alvarez v. Garcia*, 04-14-00142-CV, 2014 WL 6687529, *1 (Tex. App.—San Antonio Nov. 26, 2014, no pet.) (applying prejudgment interest to a healthcare liability claim involving a percentage of settlements equal to the jury's liability finding rather than the dollar-for-dollar credit at issue here). Essentially, the court makes the calculation the trial court should have made. *See id.*

21

**B.    Prejudgment interest is calculated with the declining principal formula.**

Prejudgment interest is "compensation allowed by law as additional damages for lost use of the money due as damages during the lapse of time between the accrual of the claim and the date of judgment." *Battaglia*, 177 S.W.3d at 907. Texas law has two sources for the award of prejudgment interest: general principles of equity and an enabling statute. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998).

Because this case involves personal injury, prejudgment interest accrues by statute on past damages "during the period beginning on the earlier of the 180th day after the date the defendant receives written notice of a claim or the date the suit is filed and ending on the day preceding the date judgment is rendered." TEX. FIN. CODE. § 304.104; *see also id.* § 304.102, § 304.1045.

Unlike post-judgment interest, prejudgment interest is computed as simple interest. *Compare id.* § 304.006 *with id.* § 304.104. The prejudgment interest rate, however, is the same as post-judgment interest, which has been 5% since 2009. *Id.* § 304.103; *see also* Office of Consumer Credit Commissioner, Judgment Rate Summary 2014, *available at* www.occc.state.tx.us.

To satisfy the purpose of prejudgment interest as compensation for lost use, settlements must be considered, and credited periodically, in the calculation of prejudgment interest. *Brainard*, 216 S.W.3d at 816 (applying the holding and

22

reasoning in *Battaglia v. Alexander*, 177 S.W.3d 893, 907-08 (Tex. 2005)). The proper method of calculating prejudgment interest is called the declining principal formula, which is similar to the method of paying mortgages. *Id.*

Under the declining principal formula, "[a] settlement payment should be credited *first to accrued prejudgment interest* as of the date the settlement payment was made, then to 'principal,' thereby reducing or perhaps eliminating prejudgment interest from that point in time forward." *Id.* (emphasis added). Thus, each credit applies first to the accrued interest and then to the principal, with each credit establishing a new interval. *Id.* At each new interval, interest continues to accrue only on the remaining principal. *Id.*

## C. The judgment does not follow the declining principal formula.

Here, the judgment applied a periodic credit for settlements received to reduce the amount of principal in each interval, but the judgment failed to *first* credit each settlement against *accrued prejudgment interest*, as expressly directed by the Texas Supreme Court. *See* 7CR3903 (calculation for the initial judgment); 7CR4040 (calculation for the amended judgment). That mistake grossly overstates the amount of prejudgment by more than $600,000.

## D. The declining principal formula reduces prejudgment interest to $12,769.13.

Using the declining principal formula and beginning with $4,005,838.81 as the initial principal (which Bonner erroneously asserts without considering the

23

effect of the responsible third party, as explained above (7CR3903)), prejudgment interest totals only $12,769.13, rather than $621,744.31 alleged by Bonner and included in the amended final judgment. 7CR4040-4042.

The calculation on the next page reflects the following factors relevant to this Court's de novo application of the declining principal formula:

▸ On July 10, 2010, before filing suit, Bonner sent Joyce Crane a demand letter, and 180 days thereafter was January 16, 2011, the start date for calculating prejudgment interest. 1CR6; 7CR3952; *see also* TEX. FIN. CODE. § 304.104.

▸ There were 1020 days from January 16, 2011 to Bonner's receipt of the $1,000,000 settlement from Self Concrete on November 1, 2013. 7CR3955-56, 4102 (settlement dates); 7CR4103 (settlement amounts).

▸ There were 128 days from November 2, 2013 (so as not to double count November 1) to Bonner's receipt of $2,100,000 in settlement from Caruther's Construction on March 10, 2014. *Id.*

▸ There were 61 days from March 11, 2014 (so as not to double count March 10) to the day before the amended judgment was signed on May 12, 2014 (that is, May 11). *See* TEX. FIN. CODE. § 304.104.

▸ The first day of an interval was not included in computing the period, although the last day was included. TEX. R. CIV. P. 4; TEX. R. APP. P. 4.1.

▸ Calculations were limited to two decimal places throughout.

| Explanation/Calculation | Interest | Principal |
|---|---|---|
| **First Interval** | | |
| Bonner's calculation of total past damages: $3,500,000 + $358,205.52 + $147,633.29 = | | $4,005,838.81 |
| Determine the amount of interest accruing on total damages for 1020 days before the settlement with Self Concrete: $4,005,838.81 x .05 = $200,291.94 $200,291.94 ÷ 365 = $548.75 daily rate $548.75 x 1020 = $559,725.00 | $559,725.00 | |
| Apply the settlement with Self Concrete first to accrued interest, and remainder to principal: $1,000,000.00 - $559,725.00 = $440,275.00 | -$559,725.00 | -$440,275.00 |
| Recalculate interest and principal balance: $4,005,838.81 - $440,275.00 = $3,565,563.81 | 0 | $3,565,563.81 |
| **Second Interval** | | |
| Determine the amount of interest accruing on new principal for 128 days before the settlement with Caruthers Construction: $3,565,563.81 x .05 = $178,278.19 $178,278.19 ÷ 365 = $488.43 daily rate $488.43 x 128 = $62,519.04 | $62,519.04 | |
| Apply the settlement with Caruthers Construction first to accrued interest, and remainder to principal: $2,100,000 - $62,519.04 = $2,037,480.96 | -$62,519.04 | -$2,037.480.96 |
| Recalculate interest and principal balance: $3,565,563.81 - $2,037,480.96 = $1,528,082.85 | 0 | $1,528,082.85 |
| **Third Interval** | | |
| Determine the amount of interest accruing on new principal for 61 days until the day before the amended judgment was signed: $1,528,082.85 x .05 = $76,404.14 $76,404.14 ÷ 365 = $209.33 daily rate $209.33 x 61 = $12,769.13 | $12,769.13 | |
| Prejudgment interest to include in the judgment: | $12,769.13 | |

25

**E.    Proper use of the formula reduces the judgment to $1,937,467.32.**

When the correct amount of prejudgment interest is applied to Bonner's calculation of the damage award, the total damage award (with prejudgment interest) is reduced from $2,345,480.69 to $1,937,467.32:

| | |
|---|---|
| Jury verdict plus stipulated damages:<br>$7,000,000 + $358,205.52 + $147,633.29 = | $7,505,838.81 |
| Add prejudgment interest pursuant to declining principal formula (calculated on the prior page): | +$  12,769.13 |
| Amount to which CPRC § 33.012 is applied: | $7,518,607.94 |
| Subtract Bonner's 33% fault:<br>$7,518,607.94 x .33 = $2,481,140.62 | -$2,481,140.62 |
| Subtotal: | $5,037,467.32 |
| Subtract total settlements: | -$3,100,000.00 |
| Net judgment amount applying declining principal formula: | $1,937,467.32 |
| Amount of erroneous amended judgment (7CR4042): | $2,345,480.69 |

At minimum, the judgment should be modified to correct the erroneous calculation of prejudgment interest. The modified judgment would award only $1,937,467.32.

### CONCLUSION & REQUEST FOR SPECIFIC RELIEF

For all the foregoing reasons, Joyce Crane respectfully prays that the Court reverse the judgment of the trial court and render judgment that plaintiff Bonner take nothing by his lawsuit because properly applying the jury's proportionate responsibility findings and applicable settlement credits eliminate Joyce Crane's liability. Additionally, Joyce Crane asks the Court to award it court costs and

26

release its surety Great American Ins. Co. for any obligations under Bond No. 20500 and to further release its surety Westchester Fire Ins. Co. from any obligations under Bond No. K08980354.

Alternatively and without waiver or prejudice to Joyce Crane's right to seek further review, Joyce Crane prays that the Court reverse the prejudgment interest award and modify the judgment to reflect a proper calculation of prejudgment interest. Joyce Crane specifically disclaims any request for new trial relief. In the event of modification, Joyce Crane asks the Court to award it appellate court costs and release its surety Great American Ins. Co. for any obligations under Bond No. 20500 and to further release its surety Westchester Fire Ins. Co. from any obligations under Bond No. K08980354.

Joyce Crane also prays for all other relief to which it may be entitled.

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

By: */s/ Rosemarie Kanusky*
    Rosemarie Kanusky
    State Bar No. 00790999
    rosemarie.kanusky@nortonrosefulbright.com
300 Convent, Suite 2100
San Antonio, Texas 78205
Telephone: 210.224.5575
Telecopier: 210.270.7205

*and*

27

NORTON ROSE FULBRIGHT US LLP
J. Jeffery Richardson
Jeff.Richardson@Nortonrosefulbright.com
2200 Ross Avenue, Suite 3600
Dallas, Texas  78201
Telephone: 214.855.8121
Facsimile: 214.855.8200

*Counsel for Appellant,*
*Joyce Steel Election, Ltd.*

## Certificate Of Compliance & Service

I certify that this brief complies with type-face and type-volume requirements. The document contains 3,991 words in total.

I certify that a copy of this brief was emailed to the following:

Robert L. Clements
Robert@clementslaw.com
Kelly R. Clements
Kelly@clementslaw.com
CLEMENTS & CLEMENTS
731 N. St. Paulus Ave.
Dallas, Texas 78214
*Counsel for Appellee,*
*Gordon Ray Bonner*

John R. Mercy
jmercy@texarkanalawyers.com
MERCY CARTER TIDWELL, L.L.P
1724 Galleria Oaks Drive
Texarkana, Texas 75503
*Counsel for Appellee,*
*Gordon Ray Bonner*

Paul A. Bezney
paul@ahblaw.net
J. Kevin Kindred
kevin@ahblaw.net
Adkerson, hauder & Bezney, p.c.
1700 Pacific Avenue, Ste. 4450
Dallas, Texas 75201
*Counsel for Appellant,*
*Joyce Steel Election, Ltd.*

*/s/ Rosemarie Kanusky*
March 26, 2015

41544615

| | | |
|---|---|---|
| **GORDON RAY BONNER.** | § | IN THE DISTRICT COURT |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **202ND JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **JOYCE STEEL ERECTION, LTD.** | § | |
| **Defendant.** | § | **BOWIE COUNTY, TEXAS** |

## CHARGE OF THE COURT

*LADIES AND GENTLEMEN OF THE JURY:*

After the closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason.

This case is submitted to you by asking questions about the facts, which you must decide from the evidence you have heard in this trial. You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, but in matters of law, you must be governed by the instructions in this charge. In discharging your responsibility on this jury, you will observe all the instructions which have previously been given you. I shall now give you additional instructions which you should carefully and strictly follow during your deliberations.

1. Do not let bias, prejudice, or sympathy play any part in your deliberations.

2. In arriving at your answers, consider only the evidence introduced here under oath and such exhibits, if any, as have been introduced for your consideration under the rulings of the Court, that is, what you have seen and heard in this courtroom, together with the law as given you by the Court. In your deliberations, you will not consider or discuss anything that is not represented by the evidence in this case.

3. Since every answer that is required by the charge is important, no juror should state or consider that any required answer is not important.

4. You must not decide who you think should win and then try to answer the questions accordingly. Simply answer the questions, and do not discuss nor concern yourselves with the effect of your answers.

5. You will not decide the answer to a question by lot or by drawing straws, or by any other method of chance.

6. Some questions might ask you for a dollar amount. Do not agree in advance to decide on a dollar amount by adding up each juror's amount and then figuring the average.

7. Do not do any trading on your answers; that is, one juror should not agree to answer a certain question one way if others agree to answer another question another way.

8. Unless instructed otherwise, you may render your verdict upon the vote of ten or more members of the jury. The same ten or more of you must agree upon all of the answers made and to the entire verdict. You will not, therefore, enter into an agreement to be bound by a majority or any other vote of less than ten jurors. If the verdict and all of the answers therein are reached by unanimous agreement, the presiding juror shall sign the verdict for the entire jury. If any

juror disagrees as to any answer made by the verdict, those jurors who agree to all findings shall each sign the verdict.

9.  These instructions are given you because your conduct is subject to review the same as that of the witnesses, parties, attorneys, and the judge. If it should be found that you have disregarded any of these instructions, it will be jury misconduct and it may require another trial by another jury; then all of our time will have been wasted.

10.  The presiding juror or any other who observes a violation of the Court's instructions shall immediately warn the one who is violating the same and caution the juror not to do so again.

11.  When words are used in this charge in a sense which varies from the meaning commonly understood, you are given a proper legal definition, which you are bound to accept in place of any other meaning.

12.  Answer "Yes" or "No" to all questions unless otherwise instructed. A "Yes" answer must be based on a preponderance of the evidence unless you are told otherwise. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence unless you are told otherwise. If you do not find that a preponderance of the evidence supports a "Yes" answer, then answer "No".

13.  The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

# I. Jury Definitions

"Negligence," means the failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care," means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using *ordinary care* would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

## II. JURY QUESTIONS

**Question No. 1**

~~Did the negligence, if any, of those named below proximately cause the occurrence in question?~~

Answer "Yes" or "No" for each of the following:

1.  Joyce Steel Erection, Ltd      _Yes_

2.  Gordon Bonner      _Yes_

3.  Carothers Construction, Inc.      _No_

4.  ~~Self Concrete, Inc.~~      _No_

5.  Premier Constructors      _Yes_

**Question No. 2**

If you have answered "Yes" to Question No. 1 for more than one of those named below, then answer the following question. Otherwise, do not answer the following question.

Assign percentages of negligence only to those you found caused or contributed to cause the occurrence. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of negligence attributable to any one is not necessarily measured by the number of acts or omissions found. The percentage attributable to *a person* need not be the same percentage attributed to *that person* in answering another question.

For each person you found caused or contributed to cause the occurrence, find the percentage of negligence attributable to each:

| | | |
|---|---|---|
| 1. Joyce Steel Erection, Ltd | 34 | % |
| 2. Gordon Bonner | 33 | % |
| 3. Carothers Construction, Inc. | 0 | % |
| 4. Self Concrete, Inc. | 0 | % |
| 5. Premier Constructors | 33 | % |
| Total | 100 | % |

Answer Question No. 3 if you answered "Yes" for Joyce Steel Erection, Ltd to Question No. 1 and answered:

1.    "No" for Gordon Bonner to Question No. 1 or

2.    50 percent or less for Gordon Bonner to Question No. 2

Otherwise, do not answer Question No. 3.

**Question No. 3**

What sum of money, if paid now in cash, would fairly and reasonably compensate Gordon Bonner for his injuries, if any, that resulted from the occurrence in question?

Do not include any amount for any condition resulting from the failure, if any, of Gordon Bonner to have acted as a person of ordinary prudence would have done under the same or similar circumstances in caring for and treating his injuries, if any, that resulted from the occurrence in question.

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not including interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence of, if any, of Gordon Bonner. Any recover will be determined by the court when it applies the law to your answers at the time of judgment.

a.    Physical pain and mental anguish sustained in the past.

Answer: $ 1,000,000 00

b.    Physical pain and mental anguish that, in reasonable probability, Gordon Bonner will sustain in the future.

Answer: $ 1,000,000 00

c.    Loss of earning capacity that, in reasonable probability, Gordon Bonner will sustain the future.

Answer: $ 500,000

d. Disfigurement sustained in the past.

Answer: $1,000,000 00

e. Disfigurement that, in reasonable probability, Gordon Bonner will sustain in the future.

Answer: Ø

f. Physical impairment sustained in the past.

Answer: $1,500,000

g. Physical impairment that, in reasonable probability, Gordon Bonner will sustain in the future.

Answer: Ø

h. Medical care expenses that, in reasonable medical probability, Gordon Bonner will incur in the future.

Answer: $2,000,000

### III. PRESIDING JUROR INSTRUCTIONS

After you retire to the jury room, you will select your own presiding juror. The first thing the presiding juror will do is have this complete charge read aloud and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror:

1.  To preside during your deliberations;

2.  To see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge;

3.  To write out and hand to the bailiff any communications concerning the case that you desire to have delivered to the judge;

4.  To vote on the questions;

5.  To write your answers to the questions in the space provided; and

6.  To certify to your verdict in the space provided for the presiding juror's signature or to obtain the signatures of all the jurors who agree with the verdict if the verdict is less than unanimous.

When you have answered all the questions you are required to answer under the instructions of the judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as presiding juror or obtained the signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into the court with your verdict.

Do you understand the duties of the presiding juror? If you do not, please tell me now.

## IV. INSTRUCTIONS FOR SIGNING THE VERDICT CERTIFICATE

1.      Unless you are instructed otherwise, you must answer the questions on a vote of ten jurors. The same ten jurors must agree on every answer in the charge. This means you may not have one group of ten jurors agree on one answer and a different group of ten jurors agree on another answer.

2.      If ten jurors agree on every answer, those ten jurors sign the verdict. If eleven jurors agree on every answer, those eleven jurors sign the verdict. If all twelve of you agree on every answer, you are unanimous and only the presiding juror signs the verdict.

3.      All jurors should deliberate on every question. You may end up with all twelve of you agreeing on some answers, while only ten or eleven of you agree on other answers. But when you sign the verdict, only those ten who agree on every answer will sign the verdict.

Do you understand these instructions? If you do not, please tell me now.

Leon F Pesek Jr
Presiding Judge
4/5/13

## V. VERDICT CERTIFICATE FOR QUESTIONS 1–3

Check one:

_____ Our verdict is unanimous as to Question No. 1 through No. 3. All twelve of us have agreed to each and every answer. The presiding juror has signed the certificate for all twelve of us.

_Jerry M. Vaughn_
Signature of Presiding Juror

_JeRey M. VAuGHnu_
Printed Name of Presiding Juror

_____ Our verdict is not unanimous as to Question No. 1 through No. 3. Eleven of us have agreed to each and every answer and have signed the certificate below.

___✓___ Our verdict is not unanimous as to Question No. 1 through No. 3. Ten of us have agreed to each and every answer and have signed the certificate below.

| | Signature | Printed Name |
|---|---|---|
| 1. | _Blackell_ | Stomic Blackwell |
| 2. | _Earletta Collins_ | Earletta Collins |
| 3. | _Julia M. Levingston_ | Julia M. Levingston |
| 4. | _Zach Moore_ | Zach Moore |
| 5. | _Linda Branan_ | Linda Branan |
| 6. | _Katie Griffin_ | Katie Griffin |
| 7. | _Linda Satterfield_ | Linda Satterfield |
| 8. | _Darrel Pynes_ | Darrel Pynes |
| 9. | _Kendra Powers_ | Kendra Powers |
| 10. | _Jerry M Vaughn_ | Jerry M. Vaughnu |
| 11. | | |

NO. 11C0822-202

2014 MAY 13 PM 12: 37

| | | |
|---|---|---|
| GORDON RAY BONNER, | ) | IN THE DISTRICT COURT |
| Plaintiff | ) | |
| | ) | |
| VS. | ) | OF |
| | ) | |
| JOYCE STEEL ERECTION, LTD. | ) | |
| Defendant. | ) | BOWIE COUNTY, TEXAS |

## AMENDED FINAL JUDGMENT

On March 24, 2014 this case was called for trial. Plaintiff, GORDON RAY BONNER, appeared in person and announced ready for trial. Defendant, JOYCE STEEL ERECTION, LTD., appeared in person and announced ready for trial.

After a jury was impaneled and sworn it heard the evidence and arguments of counsel. In response to the jury charge, the jury made findings that the Court received, filed, and entered of record. The questions submitted to the jury and the jury's findings are attached as Exhibit "A" and incorporated by reference. Plaintiff filed a motion for judgment on the verdict. This court signed a final judgment on April 11, 2014. This judgment amends that judgment.

The Court hereby renders judgment for Plaintiff.

1. Accordingly, the Court orders that Plaintiff recover the following from Defendant:

    a) Actual damages in the amount of $2,345,480.69, which includes prejudgment interest on the actual damages awarded at the rate of five percent (5%) from January 16, 2011 until the date of this judgment, a deduction for Plaintiff's 33% negligence, and credit for Plaintiff's settlement with other Defendants;

    b) Court costs in the amount of $67,574.23;

4042

c)  Post-judgment interest on all of the above at the rate of five percent

(5%), compounded annually, from the date this judgment is entered

~~until all amounts are paid in full.~~

2.  This judgment finally disposes of all claims and all parties, and is appealable.

3.  The Court orders execution to issue for this judgment.

SIGNED on May **12**, 2014.


_____
Leon Pesek, Jr., Judge, 202nd District Court

> Vernon's Texas Statutes and Codes Annotated
>   Civil Practice and Remedies Code (Refs & Annos)
>     Title 2. Trial, Judgment, and Appeal
>       Subtitle C. Judgments
>         Chapter 33. Proportionate Responsibility (Refs & Annos)
>           Subchapter B. Contribution

V.T.C.A., Civil Practice & Remedies Code § 33.012

§ 33.012. Amount of Recovery

Effective: September 1, 2005
Currentness

(a) If the claimant is not barred from recovery under Section 33.001, the court shall reduce the amount of damages to be recovered by the claimant with respect to a cause of action by a percentage equal to the claimant's percentage of responsibility.

(b) If the claimant has settled with one or more persons, the court shall further reduce the amount of damages to be recovered by the claimant with respect to a cause of action by the sum of the dollar amounts of all settlements.

(c) Notwithstanding Subsection (b), if the claimant in a health care liability claim filed under Chapter 74 has settled with one or more persons, the court shall further reduce the amount of damages to be recovered by the claimant with respect to a cause of action by an amount equal to one of the following, as elected by the defendant:

   (1) the sum of the dollar amounts of all settlements; or

   (2) a percentage equal to each settling person's percentage of responsibility as found by the trier of fact.

(d) An election made under Subsection (c) shall be made by any defendant filing a written election before the issues of the action are submitted to the trier of fact and when made, shall be binding on all defendants. If no defendant makes this election or if conflicting elections are made, all defendants are considered to have elected Subsection (c)(1).

(e) This section shall not apply to benefits paid by or on behalf of an employer to an employee pursuant to workers' compensation insurance coverage, as defined in Section 401.011(44), Labor Code, in effect at the time of the act, event, or occurrence made the basis of claimant's suit.

**Credits**
Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985. Amended by Acts 1987, 70th Leg., 1st C.S., ch. 2, § 2.08, eff. Sept. 2, 1987; Acts 1995, 74th Leg., ch. 136, § 1, eff. Sept. 1, 1995; Acts 2003, 78th Leg., ch. 204, §§ 4.06, 4.10(4), eff. Sept. 1, 2003; Acts 2005, 79th Leg., ch. 277, § 1, eff. June 9, 2005; Acts 2005, 79th Leg., ch. 728, § 23.001(6), eff. Sept. 1, 2005.

Notes of Decisions (134)

V. T. C. A., Civil Practice & Remedies Code § 33.012, TX CIV PRAC & REM § 33.012
Current through the end of the 2013 Third Called Session of the 83rd Legislature

---

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 2. Trial, Judgment, and Appeal
      Subtitle C. Judgments
        Chapter 33. Proportionate Responsibility (Refs & Annos)
          Subchapter B. Contribution

V.T.C.A., Civil Practice & Remedies Code § 33.013

§ 33.013. Amount of Liability

Effective: September 1, 2007
Currentness

(a) Except as provided in Subsection (b), a liable defendant is liable to a claimant only for the percentage of the damages found by the trier of fact equal to that defendant's percentage of responsibility with respect to the personal injury, property damage, death, or other harm for which the damages are allowed.

(b) Notwithstanding Subsection (a), each liable defendant is, in addition to his liability under Subsection (a), jointly and severally liable for the damages recoverable by the claimant under Section 33.012 with respect to a cause of action if:

  (1) the percentage of responsibility attributed to the defendant with respect to a cause of action is greater than 50 percent; or

  (2) the defendant, with the specific intent to do harm to others, acted in concert with another person to engage in the conduct described in the following provisions of the Penal Code and in so doing proximately caused the damages legally recoverable by the claimant:

    (A) Section 19.02 (murder);

    (B) Section 19.03 (capital murder);

    (C) Section 20.04 (aggravated kidnapping);

    (D) Section 22.02 (aggravated assault);

    (E) Section 22.011 (sexual assault);

    (F) Section 22.021 (aggravated sexual assault);

    (G) Section 22.04 (injury to a child, elderly individual, or disabled individual);

(H) Section 32.21 (forgery);

(I) Section 32.43 (commercial bribery);

(J) Section 32.45 (misapplication of fiduciary property or property of financial institution);

(K) Section 32.46 (securing execution of document by deception);

(L) Section 32.47 (fraudulent destruction, removal, or concealment of writing);

(M) conduct described in Chapter 31 the punishment level for which is a felony of the third degree or higher; or

(N) Section 21.02 (continuous sexual abuse of young child or children).

(c) Repealed by Acts 2003, 78th Leg., ch. 204, § 4.10(5).

(d) This section does not create a cause of action.

(e) Notwithstanding anything to the contrary stated in the provisions of the Penal Code listed in Subsection (b)(2), that subsection applies only if the claimant proves the defendant acted or failed to act with specific intent to do harm. A defendant acts with specific intent to do harm with respect to the nature of the defendant's conduct and the result of the person's conduct when it is the person's conscious effort or desire to engage in the conduct for the purpose of doing substantial harm to others.

(f) The jury may not be made aware through voir dire, introduction into evidence, instruction, or any other means that the conduct to which Subsection (b)(2) refers is defined by the Penal Code.

**Credits**

Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985. Amended by Acts 1987, 70th Leg., 1st C.S., ch. 2, § 2.09, eff. Sept. 2, 1987; Acts 1995, 74th Leg., ch. 136, § 1, eff. Sept. 1, 1995; Acts 2003, 78th Leg., ch. 204, §§ 4.07, 4.10(5), eff. Sept. 1, 2003; Acts 2007, 80th Leg., ch. 593, § 3.02, eff. Sept. 1, 2007.

Notes of Decisions (56)

V. T. C. A., Civil Practice & Remedies Code § 33.013, TX CIV PRAC & REM § 33.013
Current through the end of the 2013 Third Called Session of the 83rd Legislature